```
CAMPEAU GOODSELL SMITH
A Law Corporation
SCOTT L. GOODSELL, #122223
WILLIAM J. HEALY, #146158
440 N. 1st Street, Suite 100
San Jose, California   95112
Telephone:  (408) 295-9555
Facsimile:   (408) 295-6606
```

Attorneys for Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ROBERT S. BROWER, Sr.,<br><br>               Debtor. | Case No. 15-50801<br><br>CHAPTER 11<br><br>**DECLARATION OF WILLIAM J. HEALY IN SUPPORT OF APPLICATION OF DEBTOR-IN-POSSESSION FOR APPOINTMENT OF COUNSEL** |

I, William J. Healy, do hereby declare:

1. I am an attorney at law duly licensed to practice before all the courts of the State of California and several districts and divisions of the United States District Court in the State of California, including this court. I am a member of the law firm of Campeau Goodsell Smith, attorney herein for Debtor ROBERT S. BROWER, Sr. ("Debtor").

2. I submit this declaration of my own personal knowledge except as to those matters upon which I am informed and believe and as to those matters I am informed and believe them to be true. If called to testify as to the matters stated herein I could do so in an honest and competent manner.

3. The attorneys in said law firm have considerable experience in bankruptcy, insolvency,

corporate reorganization and debtor/creditor law. Each of them is well qualified to represent the debtor in this Chapter 11 case, and said law firm is willing to accept employment on the bases set forth in the application of the Debtor Applicant believes that in order to be successful in its reorganization effort, it is essential that Applicant, as debtor-in-possession, be represented and advised throughout this case, and in every phase thereof, by competent legal counsel. Applicant has selected the law firm of CAMPEAU GOODSELL SMITH as its counsel in this Chapter 11 case, and has made diligent inquiry and determined that said law firm possesses the requisite integrity, skill, intelligence, experience and familiarity with proceedings of this type to provide the debtors-in-possession with representation and advice as will benefit Applicant, its Estate, creditors and other parties in interest.

4. None of the attorneys who compose said law firm have any connection with any creditor or other party involved in this case, or with, to the best of Applicant's knowledge, any attorney or attorneys for such creditor or other party in interest, and that said law firm represents no interest which is adverse to that of Applicant or its Estate with respect to any of the matters upon which such firm has been or is to be engaged, nor does such firm represent any interest adverse to any creditor involved in this case.

5. None of the attorneys who compose said law firm have any prior connection with the Debtor, except as described immediately hereinbelow. None of the attorneys in said law firm hold any interests adverse to the estate of Debtor, and each attorney in the firm is a disinterested person as defined in 11 U.S.C. §101(14). None of the attorneys in said law firm have any relationship with any members of the office of the United States Trustee acting in these proceedings. Prior relationship: In/about December 2014, Applicant CGS was retained by Debtor to represent Debtor in a pending state court matter entitled Union Bank v. Chateau Julien, Inc, et al, Monterey County Superior Court Case No.: M129403 which related to a claim against the Debtor as a guarantor of a loan. Applicant CGS provided services for and on behalf of the Debtor in that state court matter through the commencement of this case, was paid in full $25,000 for such services prior to commencement of this case, and as of the commencement of this case was not owed any monies by Debtor.

4. Attached hereto as Exhibit A is a true and correct copy of the Attorney-Client Fee Contract between Debtors and counsel. In this regard Debtor is aware that payment of attorneys fees and costs are conditioned upon approval by the bankruptcy court, the court's guidelines for compensation and reimbursement will apply, and such guidelines are available on the court's website at www.canb.uscourts.gov.

5. Pursuant to the Disclosure of Compensation (Dock#2) CGS agreed on an initial retainer in the sum of $25,000.00 and on March 17, 2015 CGS received the agreed upon retainer from a third party.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at San Jose, California, on March 17, 2015.

/s/ William J. Healy
William J. Healy

---

DECLARATION OF WILLIAM J. HEALY IN SUPPORT OF
APPLICATION OF DEBTOR-IN-POSSESSION FOR APPOINTMENT OF COUNSEL