# EXHIBIT A

SCOTT L. GOODSELL
WILLIAM J. HEALY

LAW OFFICES
# CAMPEAU GOODSELL SMITH
A LAW CORPORATION
440 N. FIRST STREET, SUITE 100
SAN JOSE, CALIFORNIA 95113
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 295-6606

March 10, 2015

Robert S. Brower, Sr.
PO Box 222422
Carmel, CA 93922

Re: *In re Robert S. Brower, Sr.*
U.S. Bankruptcy Court (ND CA), Case No. TBD
Engagement Terms for Campeau Goodsell Smith as Bankruptcy Counsel

Dear Mr. Brower:

In order that the terms of our engagement be understood by both parties to our engagement, we have prepared the enclosed Attorney-Client Fee Contract with respect to Campeau Goodsell Smith's representation in a bankruptcy proceeding.

Please review the contract and if you have any questions concerning the terms of the contract or its operation please call Scott Goodsell or me.

Very truly yours,

CAMPEAU GOODSELL SMITH
/s/ William J. Healy
William J. Healy

CAMPEAU GOODSELL SMITH
440 N. First Street, Suite 100
San Jose, California 95112
(408) 295-9555

March 10, 2015

## ATTORNEY-CLIENT FEE CONTRACT

This ATTORNEY-CLIENT FEE CONTRACT ("Contract") is entered into by and between Robert S. Brower, Sr. ("Client") and Campeau Goodsell Smith, A Law Corporation ("Attorney"). Attorney will provide legal services to Client, as set forth below:

1. **CONDITIONS.** This contract will not take effect, and Attorney will have no obligation to provide legal services, until client returns a signed copy of this Contract and pays the deposit called for under paragraph 3.

2. **SCOPE AND DUTIES.** Client hires Attorney to provide those legal services in connection with prosecuting a Chapter 11 reorganization case in the United States Bankruptcy Court. Attorney shall provide those legal services reasonably required to represent Client, and shall take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. Attorney will represent Client in the ordinary and usual matters in the bankruptcy court associated with a case under the Bankruptcy Code. Client shall be truthful with Attorney, cooperate with Attorney, keep Attorney informed of developments, abide by this Contract, pay Attorney's bills on time, and keep Attorney advised of Client's address, telephone number and whereabouts.

3. **DEPOSIT.** The retainer shall be $25,000.00 which Client must deposit with Attorney prior to engagement of Attorney and Attorney providing services.

4. **LEGAL FEES.** Client agrees to pay for legal services at Attorney's customary rates. Attorney charges in minimum units of .1 hours. Attorney retains the right to adjust such fees upon thirty (30) days' advance written notice to Client.

5. **COSTS AND EXPENSES.** In addition to paying legal fees, Client shall reimburse Attorney for all costs and expenses incurred by Attorney, including, but not limited to, process servers' fees, fees fixed by law or assessed by courts or other agencies, court reporters' fees, long distance telephone calls, messenger and other delivery fees, postage, in-office copying at $0.20 per page, parking, mileage at $0.32 per mile, computer research charges at invoiced costs, investigation expenses, consultants' fees, expert witness fees and other similar items.

Client authorizes Attorney to incur all reasonable costs and to hire any investigators, consultants or expert witnesses reasonably necessary in Attorney's judgment, unless one or both of the clauses below are initialed by Client and Attorney.

6. **ADJUSTMENTS TO FEES AND COSTS.** Attorney may change fees and costs set out in the Contract after giving Client thirty (30) days' written notice of the proposed change.

7. **STATEMENTS.** Attorney shall send Client periodic statements for fees and costs incurred. Client shall pay Attorney's statements within 20 days after each statement's date, or as otherwise may be stated in the statement, subject to prior approval by the Bankruptcy Court. Client may request a statement at intervals of no less than 30 days. Upon Client's written request, Attorney will provide a statement within 10 days.

8. **LATE CHARGE.** Subject to approval of the Bankruptcy Court as applicable Client agrees to pay a late charge at the rate of 10% percent per year, or at the maximum rate allowed by law for loans, whichever is less, of the outstanding total amount owed under this Contract which is not paid when due.

9. **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause, but only after notice to and approval by the Bankruptcy Court. Good cause includes Client's breach of this Contract, Client's refusal to cooperate with Attorney or to follow Attorney's advice on a material matter, or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical.

10. **COSTS OF COLLECTION.** Subject to approval of the Bankruptcy court as applicable, if either party to this Contract shall bring any action for any relief against the other, declaratory or otherwise, arising out of this Contract, the losing party shall pay to the prevailing party a reasonable sum for attorney fees incurred in bringing such suit and/or enforcing any judgment granted therein, all of which shall be deemed to have accrued upon the commencement of such action and shall be paid whether or not such action is prosecuted to judgment. Any judgment or order entered in such action shall contain a specific provision providing for the recovery of attorney fees and costs incurred in enforcing such judgment. For the purposes of this section, attorney fees shall include, without limitation, fees incurred in the following: (1) post-judgment motions; (2) contempt proceedings; (3) garnishment, levy, and debtor and third party examinations; (4) discovery; and (5) bankruptcy litigation.

11. **CONCLUSION OF SERVICES.** When Attorney's services conclude, all unpaid charges shall become immediately due and payable. After Attorney's services conclude, Attorney

**ATTORNEY-CLIENT FEE CONTRACT** 3

will, upon Client's request, deliver Client's file to Client, along with any Client funds or property in Attorney's possession.

12. **DISCLAIMER OF GUARANTEE; MERGER.** Nothing in this Contract and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of Client's matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of Client's matter are expressions of opinion only. This Contract and any attachments or exhibits thereto represent the total agreement between the parties as to the subjects covered by the Contract, and all aural and other agreements concerning the subjects in this Contract are merged into this Contract.

13. **EFFECTIVE DATE.** This Contract will take effect when Client has performed the conditions stated in Paragraph 1, but its effective date will be retroactive to the date Attorney first performed services. The date at the beginning of this Contract is for reference only. Even if this Contract does not take effect, Client will be obligated to pay Attorney the reasonable value of services Attorney may have performed for Client.

CAMPEAU GOODSELL SMITH

By __/s/ William J. Healy_____

William J. Healy

We have read and understood the foregoing terms and agree to them, as of the date that Campeau Goodsell Smith first provided services.

Robert S. Brower, Sr.
By _____

Robert S. Brower, Sr.

Contact Information:

Robert S. Brower, Sr.

    Email: rbrower136@gmail.com
    Phone: 831-595-7414
    Fax: 831-624-0146

## ADDENDUM TO ATTORNEY-CLIENT FEE CONTRACT

As of this date, Attorney's billing rates are as follows:

| | |
|---|---|
| Scott L. Goodsell | $475.00 |
| William J. Healy | $425.00 |
| Paralegal | $ 95.00 |