SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone:  415-434-9100
Facsimile:  415-434-3947

Attorneys for Creditor
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>              Debtor. | Bk. No. 15-50801<br><br>Chapter 11<br><br>**EX PARTE APPLICATION FOR ORDER UNDER BANKRUPTCY RULE 2004 COMPELLING PRODUCTION OF DOCUMENTS BY HAYASHI WAYLAND AND COASTAL CYPRESS CORPORATION**<br><br>[No Hearing Required] |

**TO: THE UNITED STATES BANKRUPTCY COURT:**

Creditor MUFG Union Bank, N.A. (the "Bank") hereby makes this Ex Parte Application ("Application") to the Court pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Rule 2004-1 for an order in the form attached hereto as <u>Exhibit A</u> requiring that Hayashi Wayland ("Hayashi") and Coastal Cypress Corporation ("Coastal") produce certain documents specified in <u>Exhibit 1</u> to the proposed order to the Bank's counsel on or before December 28, 2015. In support of this Application, the Bank represents as follows:

Federal Rule of Bankruptcy Procedure 2004 permits the Court to order the "examination of any entity" with respect to the "property," "liabilities" and "financial condition" of the debtor and with respect to "any matter which may affect the administration of the debtor's estate, or the debtor's right to discharge." Fed. R. Bankr. P. 2004.

As reflected in the Bank's proof of claim filed as Claim No. 7, the Debtor is indebted to the Bank in the amount of approximately $5,091,299.30 pursuant to an unsecured guaranty.

The Bank previously took the Debtor's 2004 examination in July 2015. Since that time, the Debtor filed a motion on October 21, 2015 to sell what he contends is the primary asset of his estate, his shares in Coastal Cypress Corporation (the "Coastal Shares"), of which he is the president. The motion proposed that Coastal would redeem the shares at a price of $2.54 per share, a total of $584,200. That amount was derived from a communication from an accountant at Hayashi. The Bank opposed the Sale Motion because the Debtor had not established a factual basis for the relief requested in the Sale Motion, including without limitation the sale price. The Sale Motion was heard on November 12, 2015 and denied without prejudice. The Debtor has stated an intention to re-file the motion with more supporting evidence.

The Bank seeks to obtain documents from Hayashi and Coastal on topics relating to the value of the Coastal Shares, the shares owned by the Debtor and others in Coastal, and the price ascribed to those shares in the Sale Motion. These topics are central to the case and fall squarely within the scope of Rule 2004. The Debtor's creditors, including the Bank, have the right to know the nature of the Debtor's interest in the entity that is allegedly the main asset of the estate and the facts relevant to calculating the value of Coastal's shares.

The Bank has been advised by Debtor's counsel that he expects to re-notice a motion to sell the Debtor's shares in Coastal on January 7, 2016. As a result, the Bank needs the requested documents to be produced sufficiently in advance of the hearing that the Bank can respond appropriately to the motion.

**WHEREFORE,** the Bank respectfully requests that an order be entered in the form attached hereto as <u>Exhibit A</u> compelling:

1. Hayashi and Coastal to each produce the documents described and specified in the order's <u>Exhibit 1</u> to the Bank's counsel at the law offices of Sheppard Mullin Richter & Hampton LLP, 379 Lytton Avenue, Palo Alto, CA 94301, CA 94111 on or before December 28, 2015;

2. Hayashi and Coastal to each provide a custodian of records declaration authenticating all documents so produced; and

3. Authorizing the Bank to issue subpoenas pursuant to F.R.B.P. 9016 and F.R.C.P. 45 consistent with the foregoing.

Dated: December 1, 2015

                SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By     */s/ Michael M. Lauter*
        MICHAEL M. LAUTER

Attorneys for MUFG UNION BANK, N.A.

SHEPPARD, MULLIN, RICHTER &
HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS,
Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER,
Cal. Bar No. 246048
mlauter@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Creditor
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801<br><br>Chapter 11<br><br>**ORDER UNDER BANKRUPTCY RULE 2004 COMPELLING EXAMINATION OF AND PRODUCTION OF DOCUMENTS BY HAYASHI WAYLAND AND COASTAL CYPRESS CORPORATION** |

The Court having considered the *Ex Parte Application For Order Under Bankruptcy Rule 2004 Compelling Examination Of And Production Of Documents By Hayashi Wayland and Coastal Cypress Corporation* (the "Application"), filed on December 1, 2015 by creditor MUFG Union Bank, N.A. (the "Bank"), and good cause appearing therefor,

**IT IS HEREBY ORDERED** that:

1. Hayashi Wayland and Coastal Cypress Corporation shall each produce the documents described and specified in <u>Exhibit 1</u> hereto to the Bank's counsel at the law offices of Sheppard Mullin Richter & Hampton LLP, 379 Lytton Avenue, Palo Alto, CA 94301, CA 94111 on or before December 28, 2015;

2. Hayashi Wayland and Coastal Cypress Corporation shall provide a custodian of records declaration authenticating all documents so produced; and

3. The Bank is authorized to issue subpoenas pursuant to F.R.B.P. 9016 and F.R.C.P. 45 consistent with the foregoing.

# EXHIBIT 1—DOCUMENTS TO BE PRODUCED BY HAYASHI WAYLAND AND BY COASTAL CYPRESS CORPORATION

## DEFINITIONS

1. "BANK" means and refers to MUFG Union Bank, N.A., and its predecessor in interest, Santa Barbara Bank & Trust.

2. "COASTAL" means and refers to Coastal Cypress Corporation, a California corporation.

3. "COASTAL PROPERTY" means real property commonly known as 8940 Carmel Valley Rd., Carmel, CA 93923.

4. "COMMUNICATION" or "COMMUNICATIONS" means the record, receipt, transmission, or exchange of information via any medium including, but not limited to, written correspondence, electronic communications, facsimiles, emails, text messages, memos, records of discussions, conversations, conferences, interviews or meetings, recorded messages, or any other evidence of any of the foregoing, including any documents transmitted in connection with such communications.

5. "DEBTOR" means Robert Brower, Sr., the DEBTOR in this bankruptcy case. To the extent a request seeks DOCUMENTS reflecting COMMUNICATIONS involving DEBTOR, the request seeks all such COMMUNICATIONS regardless of whether DEBTOR was acting in his own, individual capacity or on behalf of some other individual or entity at the time of the particular COMMUNICATION.

6. "DOCUMENT" or "DOCUMENTS" is intended to have the broadest possible meaning under Rule 34 of the Federal Rules of Civil Procedure and includes, without limitation, any designated documents or electronically stored information –

including COMMUNICATIONS, writings, email, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, - stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. To the extent DOCUMENTS are maintained in electronic format, they should be produced in a manner that preserves and maintains all metadata for Propounding Party's inspection.

7. "FINANCIAL INSTITUTION" means and refers to any bank, savings and loan, credit union, broker or dealer in securities, insurance company, or other depository of funds.

8. "HAYASHI" refers to Hayashi Wayland and all individuals, partners, employees, or agents acting on its behalf, including but not limited to Gina Cochetti, CPA.

## DOCUMENTS TO BE PRODUCED

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS relating to work HAYASHI performed for COASTAL or its officers or shareholders in connection with or after COASTAL's sale of the COASTAL PROPERTY, including HAYASHI's calculation(s) of net cash available to shareholders (along with supporting DOCUMENTS and schedules).

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS reflecting or relating to COMMUNICATIONS concerning the sale of the COASTAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting the assets of COASTAL from January 1, 2004 through the present including, but not limited to financial statements, accounting documents, and bank statements.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting the liabilities of COASTAL, other than to the BANK, from January 1, 2004 through the present including, but not limited to financial statements and accounting documents.

**REQUEST FOR PRODUCTION NO. 5:**

All tax returns of COASTAL filed with the Internal Revenue Service on or after January 1, 2004.

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS used to prepare federal income tax returns of COASTAL filed on or after January 1, 2004.

**REQUEST FOR PRODUCTION NO. 7:**

DOCUMENTS sufficient to identify all FINANCIAL INSTITUTION accounts maintained by or for the benefit of COASTAL (by name and address of institution and account number) from January 1, 2004 through the present.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS reflecting or relating to the value of the ownership interests in COASTAL.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS reflecting the ownership interest of DEBTOR in COASTAL.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS reflecting or relating to COMMUNICATIONS concerning COASTAL's financial condition from January 1, 2004 through the present.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS relating to COASTAL's actual or potential use, disposition or distribution of proceeds arising from sale of the COASTAL PROPERTY, including the timing of such use, disposition or distribution.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS relating to the ownership of COASTAL stock or the transfer of said ownership.

**REQUEST FOR PRODUCTION NO. 13:**

All documents relating to obligations of COASTAL arising from its sale of the COASTAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS reflecting the current and past shareholders of COASTAL including, without limitation, stock certificates, shareholder registers, shareholder agreements, and correspondence or reports directed to shareholders.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS reflecting consideration given by or on behalf of current shareholders of COASTAL in exchange for COASTAL stock.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS reflecting any contracts or agreements between COASTAL, on the one hand, and DEBTOR or any other current or past shareholder of COASTAL, on the other hand.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS reflecting any loans, payments, transfers or relinquishments of assets or rights in the amount of or valued at $5,000 or more between COASTAL and individuals or entities on or after January 1, 2013.

**REQUEST FOR PRODUCTION NO. 18:**

The preliminary and final closing statements from the escrow holder for COASTAL's sale of the COASTAL PROPERTY.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS relating to Chateau Julien, Inc.'s lease of the COASTAL PROPERTY including DOCUMENTS reflecting rent payments (*e.g.*, canceled checks and/or bank records).