SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
STEVEN B. SACKS, Cal. Bar No. 98875
ssacks@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN, Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Creditor,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>    Debtor. | Case No. 15-50801<br><br>Chapter 11<br><br>**REPLY IN SUPPORT OF MUFG UNION BANK, N.A.'S MOTION FOR DERIVATIVE STANDING**<br><br>Date: June 15, 2017<br>Time: 10:30 a.m.<br>Place: 280 S. First Street, Room 3070<br>       San Jose, CA 95113<br>Judge: Hon. Elaine Hammond |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT .................................................................................................... 1

    A.  The Debtor Never Responded to the Bank's Demand to Grant it Standing. .............. 1

    B.  The Timing of the Motion is Proper ........................................................................ 2

    C.  The Debtor Confuses the Declaratory Relief Causes of Action with the Action to Avoid the Unlawful Post-Petition Transfer. .............................................................. 2

    D.  Notice of the Motion Was Proper ............................................................................ 3

    E.  The Debtor's Remaining Arguments Have No Merit. ............................................. 3

III. CONCLUSION ................................................................................................ 4

# I.
# INTRODUCTION

Creditor MUFG Union Bank, N.A. (the "Bank") files this reply in support of its motion for derivative standing filed May 25, 2017 (the "Motion") and in response to the opposition to the Motion (the "Opposition") filed on June 7, 2017 by the above-captioned debtor, Robert Brower, Sr. (the "Debtor").

The Bank in the Motion clearly demonstrated that it satisfied both factors considered by courts in ruling on motions for derivative standing. In particular the Bank established: (1) that a demand was made on the Debtor and not accepted, and (2) that the estate has colorable claims. None of the Debtor's arguments in his Opposition controvert either of these elements. Instead the Debtor throws up a few misplaced technical arguments and what may be best termed as general gripes, hoping that something will stick. Nothing does. The Motion should be granted for the reasons set forth in the moving papers and in this reply.

# II.
# ARGUMENT

**A. The Debtor Never Responded to the Bank's Demand to Grant it Standing.**

As outlined in the Motion, the case law on derivative standing generally requires that the party seeking derivative standing from the Court first make a demand to pursue the cause of action on the trustee or debtor-in-possession, unless demand is futile. The Motion and accompanying Sacks Declaration detail how the Bank made such a demand to the Debtor, and that the Debtor never responded to the demand. The Debtor's opposition brief suggests that the Debtor did respond to the demand, but this is not true, as the Debtor's counsel merely sent non-substantive responses saying that counsel would provide the Debtor's position once he received it. (See, Opposition, at p. 2, l. 12-15). At no time did the Debtor actually respond to the demand itself – *i.e.,* the Debtor never indicated whether he accepted or rejected the demand and he certainly has not advised that he would rescind the merger transaction.

## B. The Timing of the Motion is Proper

The Debtor argues, without citation of authority, that the Motion should have been filed before the adversary complaint was filed. (Opposition, at p. 2, l. 16-21). The Debtor does not explain why this is a reason to deny the Motion. It makes little sense given the fact that the adversary proceeding was just filed. Nothing has occurred in the adversary proceeding as of yet, other than the service of the complaint and summons. The Bank brought this motion to have the issue of standing resolved before responses to the adversary complaint are due.

## C. The Debtor Confuses the Declaratory Relief Causes of Action with the Action to Avoid the Unlawful Post-Petition Transfer.

The original adversary complaint included two declaratory relief causes of action seeking a finding that certain property that the Debtor claims not be property of the estate is in fact property of the estate, plus a requested injunction preventing the Debtor from wasting the assets in question. *See*, Adv. Proc. No. 17-05044, Dkt. No. 1. After the Bank filed the initial complaint, it learned of the recent merger of Coastal California into Coastal Delaware, and amended the complaint to add a cause of action for avoidance of an unlawful post-petition transfer under Section 549 of the Bankruptcy Code. With that addition, derivative standing was necessary because the Code is explicit that an avoidance action under Section 549 is to be brought by the trustee or debtor in possession. So the Bank prepared and filed this Motion. But, the Code nowhere states only a trustee may seek a declaration as to the extent of the estate's assets under Section 541, as the Bank has done in the adversary proceeding. (The Debtor falsely asserts that the declaratory relief actions are brought under Section 544, which they are not). The Bank merely decided to include the declaratory relief causes of action in the derivative standing request as a precautionary measure since, after the addition of the cause of action under Section 549, it was filing a derivative standing motion already anyway.

## D. Notice of the Motion Was Proper.

The Debtor leads with the argument that the Motion should have been set on 28 days' notice instead of 21. The local rules of this Court provide that if "relief is sought generally, and not against an identified, named entity," then the hearing on the motion will be held on 21 days' notice, with objections due 7 days before the hearing. B.L.R. 9014-1(c)(2). However, if "relief is sought against an identified, named entity," then the hearing on the motion will be held on 28 days' notice, with objections due 14 days before the hearing. B.L.R. 9014-1(c)(1).

The Bank properly noticed the instant Motion as a 21-day motion under B.L.R. 9014-1(c)(2) since its request does not seek relief against a specific party – *i.e.*, it simply seeks authority to pursue the adversary proceeding on behalf of the bankruptcy estate generally. The Debtor's assertion that the 28-day notice procedure should have been used because the Bank is seeking to transfer standing from the Debtor to the Bank fails because the standing requested is derivative. The Bank seeks standing to act on behalf of the Debtor's bankruptcy estate, not on its own behalf. In any event, the argument is much ado about nothing given that the Debtor's deadline to object to the Motion (14 days before the hearing) is the same no matter which procedure is used and the Debtor has filed its objection.

## E. The Debtor's Remaining Arguments Have No Merit.

The Debtor's remaining arguments, found on page 3 of the Opposition, have no merit and can be dispensed with quickly.

The assertion that the Motion is deficient because it does not detail who the Bank will answer to and who will make a decision on a settlement is simply nonsense. (Opposition, at p. 3, l. 1-6). Any party, such as a committee, who is granted authority to prosecute an action on behalf of the estate inherently has the ability to make judgment calls as to how the litigation should proceed. However, if a settlement is reached, the party must obtain Court approval under Rule 9019 just like a trustee would. *See*, Fed. R. Bankr. P. 9019(a).

1   The Debtor's final two arguments essentially state that more should be detailed as
2   to the costs and benefits of bringing the action, in particular more detail on the potential
3   costs. (Opposition, at p. 3, l. 7-23). However, since the Bank's attorneys are not estate
4   professionals, this is not really a concern. If the Bank were to seek its attorneys' fees for
5   the action, it would have to do so as a Section 503(b) substantial contribution claim, in
6   which case it would need to show, after the fact, that it conferred a benefit upon the estate.
7   So there is no risk of the estate being stuck with a large bill for attorney's fees but having
8   nothing to show for it. There is also no cost in terms of distraction in this case, where the
9   Debtor has done practically nothing for over two years and has nothing pending before the
10  Court in terms of a plan for resolving the case. Finally, the Debtor's assertion that the fees
11  of Coastal Delaware (which is run by the Debtor, who is an estate fiduciary) should be
12  taken into account simply makes no sense.

### III.

### CONCLUSION

For the reasons set forth above and in the Motion, the Motion should be granted.

Dated: June 12, 2017

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By  */s/ Michael M. Lauter*
       MICHAEL M. LAUTER

Attorneys for Creditor
MUFG UNION BANK, N.A.