

The following constitutes
the order of the court. Signed August 9, 2017

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ROBERT S. BROWER, SR.,<br><br>                    Debtor./ | Case No. 15-50801 MEH<br>Chapter 11<br><br>Date: 07/27/17<br>Time: 10:30 a.m.<br>Ctrm: 3020 |

<u>FINAL ORDER ALLOWING FEES AND EXPENSES OF CAMPEAU GOODSELL SMITH, L.C.</u>

Campeau Goodsell Smith, L.C. ("CGS") seeks a final order allowing fees and costs requested in its first and second fee applications for the chapter 11 bankruptcy case.

CGS further seeks an advisory decision on the reasonableness of fees requested by CGS for representation of the Chapter 11 Debtor as a defendant in Adversary Proceeding 15-5119, whereby the court entered a judgment excluding from discharge the debt of Debtor to MUFG Union Bank, N.A ("MUFG") by 11 U.S.C. section 523(a)(2)(B).

The court having considered CGS's first and second applications for compensation, the opposition of MUFG, the reply of CGS, and arguments of counsel at the hearing; the court finds that reduction

of the fees requested is required based on extensive clumping of time entries, the near absence of any billing in the required minimum increment of .1 hours, and periodic duplication of work within the firm.  An additional reduction is required for fees incurred in the Chapter 13 case related to the third party discovery and matters affecting Debtor's other business interests.  The time records presented are consistent with the court's impression of events at the time:  the Debtor's interest in these issues, and therefore the work required of counsel, involved protecting his business interests from discovery rather than benefitting the debtor's estate or its administration.  As such, this is akin to CGS's representation of Debtor in the adversary proceeding and a portion of these amounts are not allowable as a claim against the estate.

As most of these issues extend through all categories in the fee applications, the court finds a percentage reduction appropriate.  On this basis, each of the fee applications in the main case will be allowed on a final basis at 85% of the amount requested.  The court finds that fees incurred for the adversary proceeding are reasonable and necessary at 90% of the amount requested.  Less of a reduction is required for fees in the adversary proceeding because work performed on behalf of the Debtor, and not paid from estate assets, need only be reasonable and necessary to the representation of the Debtor as opposed to the Debtor's separate bankruptcy estate.

It is hereby ORDERED that:

1. As to fees and costs in the First Interim Fee Application: CGS initially requested fees of $87,655, then voluntarily reduced its request to $81,910; these fees are allowed pursuant to 11 U.S.C. § 330 in the amount of $69,624 and costs are allowed in the amount of $1,838.50.

2. As to fees and costs in the Second and Final Fee Application related to the Chapter 11 bankruptcy case: the requested fees of $66,229.50 are allowed pursuant to 11 U.S.C. § 330 in the amount of $56,295.

3. As to fees and costs in the Second and Final Fee Application related to Adversary Proceeding 15-5119: the requested fees and costs of $123,455 for fees and $1,682.28 are deemed reasonable and necessary in the amount of $111,110 for fees and $1,682.28 for costs. Note, these fees and costs are not an allowed claim in Debtor's Chapter 11 case, thus, this paragraph is an advisory opinion only.

**END OF ORDER**

COURT SERVICE LIST

*
<u>Via ECF</u>
*