SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
ORI KATZ, Cal. Bar No. 209561
okatz@sheppardmullin.com
MICHAEL M. LAUTER, Cal. Bar No. 246048
mlauter@sheppardmullin.com
ISAIAH Z. WEEDN,
Cal. Bar No. 229111
iweedn@sheppardmullin.com
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4109
Telephone: 415-434-9100
Facsimile: 415-434-3947

Attorneys for Creditor and Plan Proponent,
MUFG UNION BANK, N.A.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801<br><br>Chapter 11<br><br>**STIPULATION REGARDING CONDITION TO EFFECTIVENESS OF CONFIRMED PLAN**<br><br>Judge: Hon. Elaine Hammond |

WHEREAS, MUFG Union Bank, N.A. (the "Bank") is a creditor and the proponent of Creditor MUFG Union Bank, N.A.'s Third Amended Combined Plan of Reorganization and Disclosure Statement Dated November 2, 2017 filed as Docket No. 233 (the "Plan");

SMRH:4826-3594-6162.2

**STIPULATION**

WHEREAS, the above-captioned Bankruptcy Court confirmed the Plan by entry of an order entered on November 6, 2017 as Docket No. 236 (the "Plan Confirmation Order");

WHEREAS, the Effective Date of the Plan has yet to occur, and as such, the assets of the above-captioned debtor's estate have yet to be transferred over to the liquidating trust as provided in the Plan;

WHEREAS, William J. Healy ("Healy") is the assignee of an administrative claim for attorney's fees as debtor's counsel approved by the Bankruptcy Court with an outstanding principal balance of $102,757.30 (the "Healy Fee Claim");

WHEREAS, Article X of the Plan provides that a condition to effectiveness of the Plan is that "[t]he Liquidating Trustee shall have obtained, through the sale or liquidation of estate assets, sufficient funds to pay all Allowed administrative claims in full";

WHEREAS, Article VII of the Plan provides that "[e]xcept to the extent that the holder of a particular Administrative Claim has agreed to a different treatment of such claim, each holder of an Allowed Administrative Claim shall be paid in full on the Effective Date;"

WHEREAS, other than U.S. Trustee fees and the Healy Fee Claim, the Bank is not aware of any other Allowed Administrative Claims[1];

---

[1] Mr. Healy was former counsel to the debtor in this case. Jaurigue Law Group has appeared for the debtor in this case, but its employment has never been approved, and it has never filed any application for compensation. Further, the First Administrative Claim

STIPULATION
SMRH:4826-3594-6162.3
Case: 15-50801   Doc# 259   Filed: 02/05/20   Entered: 02/05/20 14:05:53   Page 2 of 5

WHEREAS, the Liquidating Trustee does not yet possess any funds with which to pay administrative claims, but recent rulings of the Court in Adversary Proceeding No. 17-05044 would permit the Liquidating Trustee to take control of two companies formerly run by the Debtor that have or may have significant assets: Coastal Cypress Corporation[2] and American Commercial Properties, Inc.;

WHEREAS, Healy and the Bank would like to allow for the Plan to go effective without paying the Healy Fee Claim in full on the effective date, in exchange for paying the Healy Fee Claim in full out of the first dollars of the sale of assets by the Liquidating Trustee of Coastal Cypress Corporation and/or American Commercial Properties, Inc.;

NOW, THEREFORE, the Bank and Healy hereby STIPULATE as follows:

1. Healy agrees to waive the condition precedent to effectiveness of the Plan that the Healy Fee Claim be paid in full on the Effective Date of the Plan. In exchange, the Bank agrees that the Liquidating Trustee will pay the Healy Fee Claim out of the first dollars of the net proceeds of any Liquidating Trust Assets sold or distributed by the Liquidating Trustee. The Bank and Healy agree to reserve all rights and defer determination of the issue of whether any interest is owed on the Healy Fee Claim, and if so, at what rate.

---

Bar Date set in the Plan, applicable to administrative claims that accrued prior to the Confirmation Date, has long passed. The Bank is not aware of the Jaurigue Law Group having done any significant work for the debtor in the main bankruptcy case after the Confirmation Date. As such, the Bank does not believe the Jaurigue Law Group has or ever will have an Allowed Administrative Claim.

[2] Inclusive of both Coastal Cypress Corporation (a California corporation) and Coastal Cypress Corporation (a Delaware corporation).

2. The Bank and Healy jointly request that the Court enter an order approving this Stipulation in the form attached hereto as Exhibit A.

Dated: February 5, 2020

                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By       */s/ Michael M. Lauter*
           MICHAEL M. LAUTER
           ORI KATZ
           ISAIAH Z. WEEDN
           Attorneys for Plaintiff
           MUFG UNION BANK, N.A.

Dated: February 5, 2020

By       
           WILLIAM J. HEALY

2. The Bank and Healy jointly request that the Court enter an order approving this Stipulation in the form attached hereto as Exhibit A.

Dated: February 5, 2020

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By _____
MICHAEL M. LAUTER
ORI KATZ
ISAIAH Z. WEEDN
Attorneys for Plaintiff
MUFG UNION BANK, N.A.

Dated: February 5, 2020

By *[signature]* _____
WILLIAM J. HEALY