Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 616-0466
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Proposed attorneys for Michael G. Kasolas,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801-MEH<br>Chapter 11<br><br>**STIPULATION AND REQUEST FOR ENTRY OF ORDER REGARDING PAYMENT OF FEES AND PLAN EFFECTIVE DATE**[1]<br><br><u>Hearing</u>: No hearing requested. |

  This stipulation (the "Stipulation") is made between Michael G. Kasolas (the "Liquidating Trustee," administering the "Liquidating Trust"); MUFG Union Bank, N.A. (the "Bank"); and Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin," and together, the "Parties").

**RECITALS**

  The Parties recite as follows:

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding.

STIPULATION AND REQUEST FOR ENTRY OF ORDER             1/3

A. The Bank is a creditor of the Debtor and the proponent of *Creditor MUFG Union Bank, N.A.'s Third Amended Combined Plan of Reorganization and Disclosure Statement Dated November 2, 2017* (the "Plan"). ECF 233.

B. Sheppard Mullin is counsel to the Bank.

C. The Liquidating Trustee has been duly appointed to administer the Liquidating Trust pursuant to the Plan.

D. The Court confirmed the Plan on November 6, 2017. ECF 236.

E. Article X of the Plan provides that a condition precedent to the Plan's effective date is that "[t]he Liquidating Trustee shall have obtained, through the sale or liquidation of estate assets, sufficient funds to pay all Allowed administrative claims in this Case in full." Plan at Article X(d).

F. The effective date of the Plan has yet to occur.

G. William J. Healy ("Mr. Healy") is the assignee of an administrative claim for attorneys' fees as the Debtor's counsel approved by the Court. Mr. Healy and the Bank stipulated to allow for the Plan to go effective without payment of Mr. Healy's claim in full on the effective date. ECF 259. The Court approved that stipulation. ECF 261.

H. The United States Trustee currently holds an allowed administrative claim in an outstanding amount of $3,250.

I. Other than the claims of Mr. Healy and the United States Trustee, the Parties are not aware of any other allowed administrative claims.[2]

J. The Parties would like to allow for the Plan to go effective. In furtherance of that goal, the Parties stipulate as provided below.

**STIPULATION**

Considering the above recitals, the Parties stipulate as follows:

---

[2] Jaurigue Law Group has also appeared for the Debtor, but its employment has not been approved, it has not filed any application for compensation, and the applicable claims bar date has long passed. As such, the Parties do not believe that Jaurigue Law Group has or will ever have an allowed administrative claim.

1. The Bank will pay the outstanding $3,250 in United States Trustee fees. The Bank may submit an administrative claim for those fees to the Liquidating Trust.

2. Other than the $3,250 administrative claim arising from the Bank's payment of the outstanding fees to the United States Trustee, both the Bank and Sheppard Mullin agree to subordinate any fees and/or substantial contribution claims to the fees of the Liquidating Trustee and his professionals.

3. The Bank and Sheppard Mullin agree not to object to any fees incurred by the Liquidating Trustee and his professionals prior to the Plan's effective date, to the extent that such objections are predicated on the basis that the fees were incurred prior to the Plan's effective date. All other objections are preserved.

## CONCLUSION

The Parties request that the Court enter an order approving this Stipulation.

Dated September 11, 2020  FINESTONE HAYES LLP

*/s/ Ryan A. Witthans*
Ryan A. Witthans
Proposed attorneys for Michael G. Kasolas, Liquidating Trustee

Dated September 11, 2020  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/ Michael M. Lauter*
Michael M. Lauter
Attorneys for MUFG Union Bank, N.A., Creditor and Plan Proponent

Dated September 11, 2020  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

*/s/ Michael M. Lauter*
Michael M. Lauter