

Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 616-0466
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

The following constitutes the order of the Court.
Signed: September 15, 2020

_____
M. Elaine Hammond
U.S. Bankruptcy Judge

Proposed attorneys for Michael G. Kasolas, Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

In re

ROBERT BROWER, SR.,

Debtor.

Case No. 15-50801-MEH
Chapter 11

**ORDER APPROVING STIPULATION REGARDING PAYMENT OF FEES AND PLAN EFFECTIVE DATE[1]**

Michael G. Kasolas (the "Liquidating Trustee," administering the "Liquidating Trust"); MUFG Union Bank, N.A. (the "Bank"); and Sheppard, Mullin, Richter & Hampton LLP ("Sheppard Mullin," and together, the "Parties") filed the *Stipulation and Request for Entry of Order Regarding Payment of Fees and Plan Effective Date* (the "Stipulation") on September 11, 2020. ECF 266. Upon due consideration and good cause appearing,

IT IS ORDERED that:

1. The Stipulation is approved.

---

[1] Unless specified otherwise, all chapter and code references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Bankruptcy Rule" references are to the Federal Rules of Bankruptcy Procedure and "B.L.R." references are to the Bankruptcy Local Rules for the Northern District of California. "ECF" references are to the docket in the above-captioned proceeding.

ORDER APPROVING STIPULATION                                             1/3

2. The Bank is authorized to pay the outstanding $3,250 in United States Trustee fees. The Bank may submit an administrative claim for those fees to the Liquidating Trust.

3. Other than the $3,250 administrative claim arising from the Bank's payment of the outstanding fees to the United States Trustee, both the Bank and Sheppard Mullin shall subordinate any fees and/or substantial contribution claims to the fees of the Liquidating Trustee and his professionals.

4. The Bank and Sheppard Mullin shall not object to any fees incurred by the Liquidating Trustee and his professionals prior to the Plan's effective date, to the extent that such objections are predicated on the basis that the fees were incurred prior to the Plan's effective date. All other objections are preserved.

\*\*\*\* **END OF ORDER** \*\*\*\*

**COURT SERVICE LIST**

[CM/ECF recipients]