Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Telephone:    (415) 616-0466
Facsimile:    (415) 398-2820
Email:        sfinestone@fhlawllp.com
Email:        jhayes@fhlawllp.com
Email:        rwitthans@fhlawllp.com

Proposed Attorneys for Michael G. Kasolas,
Liquidating Trustee

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801-MEH<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF COUNSEL (FINESTONE HAYES LLP) NUNC PRO TUNC TO MAY 1, 2020** |

Pursuant to the Order Confirming Creditor MUFG Union Bank N.A. (the "Bank")'s Third Amended Plan of Reorganization and Disclosure Statement Dated November 2, 2019 (the "Plan") and the related Liquidating Trust Agreement, dated as of November 2019 (the "Liquidating Trust Agreement") Michael G. Kasolas, liquidating trustee (the "Liquidating Trustee") of the post-confirmation liquidating trust of the above-captioned estate, files this Application for Order Authorizing Employment of Counsel Nunc Pro Tunc to May 1, 2020 and in support thereof respectfully represents:

1. The Liquidating Trustee is the duly appointed, qualified, and acting liquidating trustee in this case, pursuant to the Liquidating Trust Agreement (ECF No. 233, Exhibit A) and the Notice of Plan and Liquidating Trust Effective Date (ECF No. 271).

2. The Liquidating Trust Agreement requires Court approval for the Liquidating Trustee to hire counsel, other than litigation counsel. (ECF No. 233, Exhibit A, ¶3.12).

3. The Liquidating Trustee wishes to retain Finestone Hayes LLP ("Proposed Counsel") as his counsel in connection with the following matters related to the Liquidating Trust, including but not limited to:

   a. Assist and advise the Liquidating Trustee on legal aspects involved in the investigation, collection and liquidation of potential assets of the Liquidating Trust, including but not limited to the Liquidating Trustee's administration of the proceeds from the sale of the real property commonly known as 28088 Barn Way, Carmel-by-the-Sea, CA 93923;

   b. After the Liquidating Trustee's review, and if the Liquidating Trustee requests, assist the Trustee in objecting to claims, including but not limited to the claim of William J. Healy; and

   c. Attend Court hearings as necessary.

4. The Liquidating Trustee wishes to make the effective date of the employment May 1, 2020, which is when Proposed Counsel began working on the matter. The delay between the commencement of work and the filing of this employment application was due to various reasons outside the control of the Liquidating Trustee or Proposed Counsel, including:

   a. the lack of certainty over the scope of the estate's interest in Coastal Cypress Corporation, which was decided by the Court by order and judgment dated September 9, 2020;

   b. the pendency of Patricia Brower's appeal regarding her alleged interest in the real property commonly known as 28088 Barn Way, Carmel-by-the-Sea, CA 93923 (the "Carmel Townhouse"), which risked preventing the closing of the sale of the Carmel Townhouse, which closed at the end of August, 2020;

c. the efforts of the Liquidating Trustee, working closely with counsel for the Bank to try and obtain the agreement of William J. Healy to subordinate his administrative claim to the administrative claims of the Liquidating Trust;

d. the payment of the back-due quarterly U.S. Trustee fees of $3,250, which Proposed Counsel is informed and believes were required to be paid before the Plan could go effective. Those back-due U.S. Trustee fees were paid on September 11, 2020;

e. the need for the Liquidating Trustee to consult with his proposed accountant to evaluate tax issues with respect to the Liquidating Trust and its trust property; and

f. the fact that the Liquidating Trust is created the confirmed Plan, and the Plan did not become effective until September 15, 2020.

For all these reasons and others, the Liquidating Trustee was not in a position to seek court approval to hire professionals until September 11, 2020. Yet, the Liquidating Trustee and Proposed Counsel have been working together, providing services contemplated under the Liquidating Trust Agreement, since May 1, 2020. The estate's principal creditor, i.e. the Bank, and its counsel, Sheppard Mullin, agree to the nunc pro tunc aspect of this employment application. (ECF No. 266, filed September 11, 2020).

5. The scope of the representation does not extend to litigation, other than possible claim objections. For example, it is possible that litigation claims will be filed against third parties. Such litigation will be handled by separate counsel. The Firm will provide those legal services reasonably required to represent and advise Client on the matters for which the Firm has been retained, and the Firm's representation does not extend to any other areas.

6. The Liquidating Trustee believes that retention of counsel is necessary and desires to retain Proposed Counsel based on its expertise in bankruptcy law. The Liquidating Trustee has considered the facts in this case and determined that employing Proposed Counsel is in the best interests of the estate.

7. Proposed Counsel is a small firm, which currently has two partners and one associate. From time to time, Proposed Counsel uses the services of several contract lawyers. To the best of the Liquidating Trustee's knowledge, Proposed Counsel has no connection with the debtor, creditors, or any other party in interest, their respective attorneys and/or accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, except as set forth in the concurrently filed declaration of Jennifer C. Hayes in support of this application (the "Declaration"). Proposed Counsel does not presently represent any interest adverse to the Liquidating Trustee or to the estate, except as set forth in the Declaration. Proposed Counsel is a disinterested person.

8. Proposed Counsel generally charges on an hourly rate basis. The current, 2020 rates charged by members of Proposed Counsel who are expected to render the majority of the services to the Liquidating Trustee are as follows:

9.

| Name | Current Hourly Rate |
|---|---|
| Stephen D. Finestone | $525 |
| Jennifer C. Hayes | $525 |
| Ryan A. Witthans | $350 |

10. Generally, Proposed Counsel's rates are subject to change from time to time, but generally not more than once per year. The hourly rates of the various contract lawyers used by Proposed Counsel from time to time range from $320 to $425.

6. Generally, Proposed Counsel's billing practices are identical for bankruptcy and non-bankruptcy clients. The hourly rates on which Proposed Counsel bases its fees are generally the same for bankruptcy and non-bankruptcy clients, but can be higher for non-court-appointed representations.

7. Proposed Counsel is in compliance with the Guidelines revised by the U.S. Bankruptcy Court. It does not charge for its word processing or incoming telecopy costs. Proposed Counsel's office charges $0.20 per page for photocopying. Lexis and Westlaw searches are charged at cost. Other online research services (including PACER) are charged at

APPLICATION FOR ORDER AUTHORIZING
EMPLOYMENT OF COUNSEL (FINESTONE HAYES LLP) 4/5

cost.  The hourly rates charged by Proposed Counsel's bankruptcy attorneys are no less favorable than those rates charged for non-court appointed services.

      Based on the foregoing, the Liquidating Trustee requests entry of an Order authorizing the employment of Finestone Hayes LLP as his counsel, solely in his capacity as the Liquidating Trustee pursuant to the Liquidating Trust Agreement, and that such employment be <u>nunc pro tunc</u> to May 1, 2020.

DATED: September 18, 2020

                                                                                          */s/ Michael G. Kasolas*
                                                                                          Michael G. Kasolas
                                                                                          Liquidating Trustee

DATED: September 18, 2020                   FINESTONE HAYES LLP

                                                                                          */s/ Jennifer C. Hayes*
                                                                                         Jennifer C. Hayes
                                                                                         Proposed Counsel for Michael G. Kasolas,
                                                                                         Liquidating Trustee