KOKJER, PIEROTTI, MAIOCCO
& DUCK LLP
CERTIFIED PUBLIC ACCOUNTANTS
Richard Pierotti #46794
333 Pine Street, 5th Floor
San Francisco, California 94104
Telephone: (415) 981-4224
E-Mail: rpierotti@kpmd.com

Accountants for Michael G. Kasolas,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801-MEH<br>Chapter 11<br><br>**NOTICE OF FEES:**<br>**CHAPTER 11 ADMINISTRATIVE CLAIM, ACCOUNTANTS' FEES OF KOKJER, PIEROTTI, MAIOCCO & DUCK LLP FROM AUGUST 18, 2020 THROUGH SEPTEMBER 14, 2020** |

**TO MUFG UNION BANK, N.A., MICHAEL G. KASOLAS AS LIQUIDATING TRUSTEE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

Pursuant to § 3.12 of the Liquidating Trust Agreement[1], Kokjer, Pierotti, Maiocco & Duck LLP (the "Firm"), accountants for Michael G. Kasolas, Liquidating Trustee (the "Liquidating Trustee," administering the "Liquidating Trust") of the estate of the above Debtor, files its Notice of Fees: Chapter 11 Administrative Claim, Accountants' Fees of Kokjer, Pierotti, Maiocco & Duck LLP from August 18, 2020 through September 14, 2020 (the "Fee Notice"), and in support thereof states as follows:

---

[1] *See* Liquidating Trust Agreement, ECF 233 at 32–52.

## I. INTRODUCTION

1. **Debtor:** Debtor filed the above-captioned bankruptcy case on March 11, 2015, following Creditor MUFG Union Bank, N.A.'s ("Union Bank") obtaining of a temporary protective order and writ of attachment in January 2015. *Union Bank's Third Amended Combined Plan of Reorganization and Disclosure Statement Dated November 2, 2017* (the "Plan") was confirmed by the Court on November 6, 2017. ECF 233 (Plan), 236 (confirmation order). Pursuant to the Plan, the Effective Date of the Plan and the related Liquidating Trust Agreement was September 15, 2020. ECF 271 (notice of Plan Effective Date). Administrative claims incurred during the period beginning on the day after the Confirmation Date and ending on the Effective Date must be filed no later than 60 days after the Effective Date (*i.e.*, November 14, 2020). *Id.*, Plan at Article VII.A.

2. **Trustee:** Michael G. Kasolas is the duly appointed Liquidating Trustee of the Liquidating Trust.

3. **Accountants Employment:** On October 6, 2020, this Court entered an Order Authorizing Employment of Accountant (Kokjer, Pierotti, Maiocco & Duck LLP) authorizing the accounting firm to serve as the Trustee's accountant in this case. ECF 280.

4. **Compensation:** During the course of representing the Trustee for the period August 18, 2020 through September 14, 2020, the Firm performed the services described in this Fee Notice and in the time summaries attached to the supporting Declaration of Richard Pierotti (the "Declaration").

5. **Compliance with Liquidating Trust and Plan:** The Liquidating Trust Agreement provides for payment of professional fees as follows:

> "In order for any professional retained by the Liquidating Trustee to receive compensation, such professional shall file with Bankruptcy Court a notice listing the amounts of fees and expenses sought and the period covered (the "Fee Notice") and serve the Fee Notice on the Office of the United States Trustee, Union Bank, and the other parties on the Post-Effective Date List. If there is no objection to the requested fees and expenses within ten . . . calendar days of the Fee Notice, the requested amount shall be paid in full when funds are available."

ECF 233, Liquidating Trust Agreement at § 3.12.  The Plan provides for notice to be served on Union Bank, the Liquidating Trustee, the United States Trustee, and post-Plan confirmation special notice parties.  ECF 233, Plan at § XVI.G.  There are no post-confirmation special notice parties.

The Liquidating Trust further provides as follows:

> If there is no objection to the requested fees and expenses within ten . . . calendar days of the Fee Notice, the requested amount shall be paid in full when funds are available.  If any party objects to any portion of the fees or expenses submitted by any such professional, the objecting party shall prepare a written objection specifying the reason the objection is made and the amount to which the objection relates, and serve such written objection on the subject professional, the Liquidating Trustee and its counsel so that it is received within ten . . .calendar days of the service of the Fee Notice.  The Liquidating Trustee shall pay the undisputed portion of such fees and expenses from available funds and shall reserve the amount of the disputed fees and expenses pending resolution of said objection by (i) agreement between the party requesting such fees and expenses and the objecting party, or (ii) resolution of the disputed amount by the Bankruptcy Court.  Professionals retained by the Liquidating Trustee shall not otherwise be required to file formal applications for Court approval of post-confirmation fees and expenses.

ECF 233, Liquidating Trust Agreement at §3.12.

**6.** **Funds on Hand:**  None as of the date of the filing of this Chapter 11 Administrative Claim.  The Firm is informed and believes that approximately $930,851 is in an escrow account, which are the proceeds from the sale of the estate's real property in Carmel.[2]

## II. BACKGROUND

The services performed by the Firm, as described below, were provided from August 18, 2020 through September 14, 2020 on behalf of, and at the request of, the Liquidating Trust.  This time period is post-confirmation of the Plan, which became effective on September 15, 2020.  ECF 271.

The services rendered by the Firm in connection with the Liquidating Trustee's

---

[2] Upon receipt of such funds, the first payment goes to William J. Healy on account of his $102,757.30 fee claim, as set forth in the Stipulation Regarding Condition to Effectiveness of Confirmed Plan.  ECF 259 (the "Healy Fee Stipulation").  Nothing in this Chapter 11 Administrative Claim seeks to modify the Healy Fee Stipulation.

administration of the Liquidating Trust are described below and the invoice attached to the Declaration.

### III. SERVICES RENDERED

Applicant was contacted by the Liquidating Trustee prior to the plan effective date to review the income tax consequences of selling real estate and distributing cash from two Subchapter C corporations to the Trust. The Trust has an interest in two corporations, American Commercial Properties Inc. and Coastal Cypress Corporation. Projections were prepared to determine the tax consequences of selling real estate owned by Coastal Cypress, liquidating the corporations and making liquidating distributions from the corporations to the Trust. Applicant communicated his findings with the Trustee and his attorney.

### IV. CONCLUSION

In performing the services described above from August 18, 2020 through September 14, 2020, the Firm spent 4.00 hours and incurred billable fees of $1,900.00 and $0.00 in expenses. Thus, the Firm seeks $1,900.00 as its reasonable compensation for its services, calculated on the basis of the hours and hourly rates listed in the billing records attached to the Declaration.

Pursuant to the procedure set forth in § 3.12 of the Liquidating Trust Agreement, the Firm seeks payment of its Chapter 11 Administrative Claim, i.e. payment of the Firm's fees in the sum of $1,900.00 plus expense reimbursement in the sum of $0.00 for a total compensation of **$1,900.00**, for those services rendered by the Firm for the period from August 18, 2020 through September 14, 2020.

Dated November 10, 2020                     KOKJER, PIEROTTI, MAIOCCO & DUCK LLP

                                            /s/ Richard Pierotti

                                            _____
                                            Richard Pierotti
                                            Accountant for Michael G. Kasolas,
                                            Liquidating Trustee

KOKJER, PIEROTTI, MAIOCCO
& DUCK LLP
CERTIFIED PUBLIC ACCOUNTANTS
Richard Pierotti #46794
333 Pine Street, 5th Floor
San Francisco, California 94104
Telephone: (415) 981-4224
E-Mail: rpierotti@kpmd.com

Accountants for Michael G. Kasolas,
Liquidating Trustee

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801-MEH<br>Chapter 11<br><br>**DECLARATION OF RICHARD PIEROTTI IN SUPPORT OF <u>NOTICE OF FEES</u>: CHAPTER 11 ADMINISTRATIVE CLAIM, ACCOUNTANTS' FEES OF KOKJER, PIEROTTI, MAIOCCO & DUCK LLP FROM AUGUST 18, 2020 THROUGH SEPTEMBER 14, 2020** |

I, Richard Pierotti, declare as follows:

1. I am the Liquidating Trustee's court-appointed accountant in the above-captioned bankruptcy case. I am a partner at Kokjer, Pierotti, Maiocco & Duck LLP (the "Firm"). I make this declaration of my own personal knowledge and could and would testify competently thereto if called upon to do so. As to any matters stated on information and belief, I believe the information to be true and correct. I make this declaration in support of the Firm's Notice of Fees: Chapter 11 Administrative Claim, Accoutnants' Fees of Kokjer, Pierotti, Maiocco & Duck

LLP from August 18, 2020 through September 14, 2020 (the "Chapter 11 Administrative Claim").

2. I am the accountant responsible for the Firm's representation of Michael G. Kasolas (the "Liquidating Trustee") in this case.

3. I have read the Chapter 11 Administrative Claim filed concurrently herewith. To the best of my knowledge and belief, formed after reasonable inquiry, the statements contained therein are true.

4. No payments have been made or promised to the Firm for services rendered in connection with the case, except for payments from the Liquidating Trust in accordance with the procedures set forth in the Liquidating Trust.

5. The compensation and expense reimbursement requested are billed at rates no less favorable than those customarily billed by the Firm.

6. Attached as **Exhibit A** is an authentic copy of the Firm's invoice, which was prepared and maintained in the ordinary course of business, and which accurately reflects the Firm's fees and expenses for this case from August 18, 2020 through September 14, 2020.

I declare under penalty of perjury that the above statements are true and that if called as a witness I could and would testify to their truthfulness. This declaration is executed on November 10, 2020 in Contra Costa County, California.

/s/ Richard Pierotti
Richard Pierotti

# EXHIBIT A

# EXHIBIT A

## BANKRUPTCY ESTATE OF ROBERT S. BROWER, SR. (8/18/2020 TO 9/14/2020) 15-50801 MEH

November 9, 2020                                                                 Invoice #  8389

**Professional TIME SUMMARY**

| Professional | Hours | Rate | Amount |
|---|---|---|---|
| Richard L. Pierotti | 4.00 | 475.00 | $1,900.00 |

| | |
|---|---|
| **Total Fees** | $1,900.00 |
| **Total Expenses** | $0.00 |
| **GRAND TOTAL** | $1,900.00 |

November 9, 2020

Invoice # 8389

**Professional Fees**

|  |  | Hrs/Rate | Amount |
|---|---|---:|---:|
| | Richard L. Pierotti | | |
| 8/18/2020 | Review available information and prepare income tax and cash flow projection for sale of real property(2.30); e-mail to Michael Kasolas and attorneys regarding income tax consequences to the bankruptcy estate of liquidating distribution from corporation to the bankruptcy estate(.20) | 2.50<br>475.00/hr | 1,187.50 |
| 8/27/2020 | Conference with Michael Kasolas regarding tax consequences of corporate liquidations | 0.40<br>475.00/hr | 190.00 |
| 8/31/2020 | Conference with Michael Kasolas, Jennifer Hayes and Isaih Weeden for case orientation(.90). Set-up Box.com folder for document transfer and related e-mails(.20). | 1.10<br>475.00/hr | 522.50 |
| | Subtotal: | 4.00 | 1,900.00 |
| | **Total Fees:** | **4.00** | **$1,900.00** |
| | **Total amount due:** | | **$1,900.00** |