**KAUFMAN DOLOWICH & VOLUCK LLP**
LOUIS H. CASTORIA (SBN 95768)
ROGELIO SERRANO (SBN 312004)
425 California Street, Suite 2100
San Francisco, CA 94104
Telephone:     (415) 926-7600
Facsimile:     (415) 926-7601
E-Mails: lcastoria@kdvlaw.com; rserrano@kdvlaw.com
Attorneys for Defendant
OLDFIELD CREELY, LLP

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No.: 15-bk-50801-MEH |
| **ROBERT BROWER, SR.,** | Chapter 11 |
| Debtor. | Adv. No.: 21-ap-05029-MEH |
| | **DEFENDANT OLDFIELD CREELY, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT** |
| **MICHAEL G. KASOLAS**, solely in his capacity as the Liquidating Trustee for the Robert Brower Sr. Liquidating Trust, | |
| Plaintiff, | [Motion and Notice of Motion Concurrently Filed] |
| v. | **Hearing Date:** |
| **PATRICIA BROWER,** solely as trustee of the BROWER TRUST (2015), dated June 30, 2015; **GREAT AMERICAN WINERIES, INC.,** a California corporation; **DEERLEAF HOLDINGS, INC.,** a Delaware corporation; **ROBERT BROWER, JR.,** an individual; **MED-VENTURE INVESTMENTS, LLC,** a California limited liability company; **AURORA CAPITAL ADVISORS,** a California general partnership; **RICHARD BABCOCK,** an individual and general partner of Aurora Capital Advisors; **ANTHONY NOBLES,** an individual and general partner of Aurora Capital Advisors; **COASTAL WINE SERVICES, LLC,** a California limited liability company; **WILFORD BUTCH, LINDLEY,** an individual; **POHANKA OF SALISBURY, INC.,** a Maryland corporation; **JAURIGUE LAW GROUP,** a California | Date: November 1, 2021<br>Time: 11:00 a.m.<br>Place: Courtroom 11<br>United States Courthouse<br>280 South First Street<br>San Jose, California 95113<br><br>[To be Held Telephonic or Video] |

professional corporation *dba* JLG Lawyers;
**JOHNSON, ROVELLA, RETTERER,**
**ROSENTHAL & GILLES, LLP,** a limited
liability partnership; and **OLDFIELD**
**CREELY, LLP,** a limited liability
partnership,

              Defendants.

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF ISSUES TO BE DECIDED……………………………..…………………….1

MEMORANDUM OF POINTS AND AUTHORITIES……………………………………..1

I. INTRODUCTION…………………………………………………..………..1

II. BACKGROUND………………………………………………………….....2

    A. Procedural Background……………………………………………………..2

    B. Underlying State Action…………………………………………………….2

III. LEGAL STANDARD FOR MOTION TO DISMISS…...…………………………...3

IV. ARGUMENT……………………………………………………………..……..4

    A. The First Claim for Relief Fails to State a Claim for Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549…………………………………………4

        i. The Funds Were Not Property of the Estate …………………………….....4

        ii. Transfers that Occurred Prior to July 22, 2019 are Time-Barred by the Statute of Limitations Pursuant to 11 U.S.C. § 549(d)……………………………9

    B. The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Code of Civil Code Section 3439.01 *et seq.* …………………………………………………………………………… 10

        i. 11 U.S.C. section 549 is the Exclusive Remedy to Avoid Post-Petition Transfers……………………………………………….……………………….. 10

        ii. The Transferred Funds Were Not Property of the Estate…………………………………………………..…………………11

        iii. Plaintiff Fails to State Factual Allegations Permitting A Post-Petition Avoidance Under State Law……………………………………………11

        iv. The Second and Third Claims for Relief Are Time-Barred ………...……12

    C. The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 550 and 551……………………………………………………………….……… 13

    D. The Fifth Claim for Relief Fails to State a Claim for Turnover of Estate Property Pursuant to Bankruptcy Code Section 542 and is Time Barred ……………………...13

    E. The Sixth Claim for Relief Fails to State a Claim for Accounting of Property of the Estate Pursuant to Bankruptcy Code Section 542…………………………………14

    F. The Ninth Claim for Relief Fails to State a Claim for Disgorgement ………………14

        i. Oldfield Creely Did Not Represent Debtor…………………………………14

        ii. The Transferred Funds Were Not Property of the Estate……………...……16

G. The Tenth Claim for Relief Fails to State a Claim for Conversion …………………...16

H. Plaintiff's Prayer for Relief for Punitive and Exemplary Damages Must Be Dismissed for Failure to Meet the Pleading Standards …………………………………………....16

    i. Failure to Comply with Federal Rule of Civil Procedure 9(b) …………...…17

I. Plaintiff's Prayer for Relief for Attorneys' Fees and Costs Must be Dismissed for Failure to State Claim Permitting Such Relief ………………………………………18

V. CONCLUSION…………………………………………………………………………19

# <u>TABLE OF AUTHORITIES</u>

**CASES**                                                                                      **Page**

*Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*
       421 U.S. 240 (2009)……………………………………………………………18

*Ashcroft v. Iqbal*
       556 U.S. 662 (2009)…………………………………………..…….....3

*Balistreri v. Pacifica Police Dep't*
       901 F.2d 696 (9th Cir. 1988)………………………………………….…...3

*Bell Atl. Corp. v. Twombly*
       550 U.S. 544 (2007)…………………………………………………..…3

*Butner v. United States*
       440 U.S. 48 (1979)……………………………………………………....8

*Fleischmann Distilling Corp. v. Maier Brewing Co.,*
       386 U.S. 714 (1967)…………………………………………………19

*Galdjie v. Darwish*
       113 Cal.App.4th 1331 (2003)……………………………………………8

*In re Brown*
       371 B.R. 486 (Bankr. N.D. Okla. 2007)……………………………………..15

*In re Carey*
       446 B.R. 384 (B.A.P. 9th Cir. 2011)…………………………………...19

*In re Equity Land Title Agency, Inc.*
       370 B.R. 154 (Bankr. S.D. Ohio 2007)……………………………...............13

*In re Federal Roofing Co., Inc.*
       205 B.R. 638…………………………………………………………15

*In re Goldberg*
       235 B.R. 476 (Bankr. D. Idaho 1999)……………………………………11

*In re Kenny G. Enterprises, LLC*
       512 B.R. 628 (C.D. Cal. 2014)…………………………………………10, 12

*In re Lau Cap. Funding, Inc.*
    321 B.R. 287 (Bankr. C.D. Cal. 2005)……………………………………………14

*In re Reed*
    940 F.2d 1317 (9th Cir. 1991)………………………………………………………8

*Lee v. City of Los Angeles*
    250 F.3d 668 (9th Cir. 2001)………………………………………………………4

*Lee v. Hanley*
    61 Cal.4th 1225 (2015)……………………………………………………………16

*Manzarek v. St. Paul Fire & Marine Ins. Co.*
    519 F.3d 1025 (9th Cir. 2008)………………………………………………………4

*Miller v. McColgan*
    17 Cal.2d 432 (1941)………………………………………………………………8

*Nelson v. Anderson*
    72 Cal. App. 4th 111 (Cal. Ct. App. 2d Dist. 1999)………………………………8

*Optional Capital, Inc. v. DAS Corp.*
    222 Cal.App.4th 1388 (2014)……………………………………………………12

*Porter v. Jones*
    319 F.3d 483 (9th Cir. 2003)………………………………………………………3

*Portico Management Group, LLC v. Harrison*
    202 Cal. App.4th 464 (2011) ……………………………………………………8

*Rajala v. Gardner*
    709 F.3d 1031 (10th Cir. 2013)…………………………………………………13

*Smith v. Mark Twain National Bank*
    805 F.2d 278 (8th Cir. 1986)……………………………………………………14

*Sprewell v. Golden State Warriors*
    266 F.3d 979 (9th Cir. 2001)………………………………………………………4

*St. James Church of Christ Holiness v. Superior Ct. In & For Los Angeles Cty.*
    135 Cal.App.2d 352 (1995) ………………………………………………………14

*Von Saher v. Norton Simon Museum of Art at Pasadena*

    592 F.3d 954 (9th Cir. 2010)…….................................................4

**STATUTES/RULES**

United States Code, Title 11

    § 330…….................................................................……...............1, 15

    §541(a)(6) …….........................................................................4,7,9

    §541(a)(7) ……...........................................................................4,7

    § 542 …….....................................................................……...........1 14

    § 544…….........................................................……......10, 11, 12,13, 18

    § 544(b)(1)…….....................................................................……...11

    § 549…….......................................................................1,4,10, 13, 14

    § 549(a)…….................................................................................4

    § 549(d)…….........................................................................9, 10

    § 550 …….................................................................……..............1, 13

    §551…….....................................................................................1, 13

Federal Rules of Civil Procedure

    Rule 8(a)…….......................................................................17, 18

    Rule 8(a)(2) ……..................................................................3, 17

    Rule 9(b) ……....................................................................17, 18

    Rule 12(b)(6) …….......................................................................3

    Rule 15(a) …….........................................................................4

Federal Rule of Bankruptcy Procedure

    Rule 2016 …….....................................................................15

    Rule 2016(a) …….................................................................16

California's Civil Code Sections

    § 338…….........................................................................16

    § 3439.01, *et seq.*……............................................…..10, 11, 12

    § 3439.04(a)(1) ……...................................................1, 12

§ 3439.04(a)(2) ………………………………………..…………………………..1

§3439.07……………………………………………………………………........1

§3439.08……………………………………..…………………………………..1

§ 3439.09(a)(1)……………………………..……………………………...18

§ 3439.09(a)(b)………………………………..…………………………10, 12

## STATEMENT OF ISSUES TO BE DECIDED

1. Has Plaintiff failed to a state any claim against Oldfield Creely, LLP upon which relief can be granted, given that the firm did not represent any party in the underlying case that filed for bankruptcy, and did not receive any payment for their fees and costs in the underlying case from any person or party who filed for bankruptcy?

2. Are Plaintiff's claims time-barred?

3. Is Plaintiff entitled to an award of fees and costs or punitive damages as against Oldfield Creely, LLP?

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Michael G. Kasolas as the Liquidating Trustee (the "Liquidating Trustee" or "Plaintiff") for the Robert Brower, Sr. Liquidating Trust seeks to unwind transfers made to pay legal fees to the law firm of Oldfield Creely, LLP ("Oldfield Creely") incorrectly claiming that the payments were unauthorized post-petition transfers.

In this adversary proceeding, Plaintiff alleges multiple claims for relief against 14 defendants in the complaint (the "Complaint"). Plaintiff alleges only the following claims for relief against Oldfield Creely: 1) Avoidance of Post-Petition Transfers 11 U.S.C. § 549; 2) Avoidance of Actual Fraudulent Transfers under Cal. Civil Code §§ 3439.04(a)(1), 3439.07, 3439.08; 3) Avoidance of Constructive Fraudulent Transfers under Cal. Civil Code §§ 3439.04(a)(2), 3439.07, 3439.08; 4) Recovery of Transfers for the Benefit of the Estate under 11 U.S.C. §§ 550 and 551; 5); Turnover of Estate Property 11 U.S.C. § 542; 6); Accounting of Property of the Estate 11 U.S.C. § 542; 7); Disgorgement under 11 U.S.C. § 330; and 8) Conversion. The Complaint also seeks punitive damages and attorneys' fees.

Oldfield Creely seeks to be dismissed from Plaintiff's complaint, with prejudice, for the following reasons: 1) the funds that were received by it were not property of Robert Brower, Sr.

("Debtor") nor property of the bankruptcy estate (the "estate"); 2) Oldfield Creely has not represented Debtor or the estate in any bankruptcy proceeding; and 3) all claims for transfers that occurred on or before January 4, 2017 are time-barred by the applicable statute of limitations.

Oldfield Creely further contests Plaintiff's prayer for attorneys' fees and costs, and punitive damages, as there is no basis in law or fact from these claims against Oldfield Creely.

For these reasons, Plaintiff's claims against Oldfield Creely must be dismissed with prejudice without leave to amend.

## II.    BACKGROUND

### A.  Procedural Background

This adversary proceeding arises out of a case entitled, *In re Robert Brower, Sr.*, Case No. 15-50801 MEH, currently pending in the United States Bankruptcy Court, Northern District of California, San Jose Division. *See* Plaintiff's Complaint herein ("Compl.") ¶ 9. On November 6, 2017, this Court provided the Liquidating Trustee the power to prosecute claims held by the Debtor's bankruptcy estate. *Id.* ¶ 11.

On July 22, 2021, Plaintiff filed the Complaint for this adversary action. Plaintiff seeks to avoid post-petitions transfers related to sale proceeds (the "Proceeds") from Coastal Cypress Corporation's ("Coastal") 2015 sale of real property located at 8890 and 8940 Carmel Valley Road, Carmel, California (the "Wine Estate property").  *Id.* ¶¶2-3. The Complaint does not allege that Coastal has ever been a debtor in any bankruptcy proceeding.

### B.  Underlying State Action

On September 26, 2014, MUFG Union Bank, N.A. (the "Bank") filed a complaint against Chateau Julien, Inc. and Robert Brower, Sr. ("Debtor") in the Superior Court of the State of California, County of Monterey, Case No. M129403 (the "State Court Action"). *Id.* at ¶ 39. The Bank sought recovery under a loan that was made by Chateau Julien as the borrower and guaranteed by Debtor.  *Id.* ¶¶38-39. Oldfield Creely only represented Chateau Julien in the State Court Action. *Id.* ¶ 25. The Complaint does not allege that Chateau Julien has ever been a debtor in any bankruptcy proceeding.

In January 2015, the state court entered a Temporary Protective Order and Right to Attach Order against Debtor. *Id.* ¶ 40. The Bank obtained a Writ of Attachment against Debtor, who filed a voluntary chapter 11 petition commencing the Bankruptcy case. *Id.* ¶ 41. Debtor's filing of his chapter 11 petition stayed litigation in the State Court Action against him based on the guaranty but, it did not stay the litigation against Chateau Julien. *Id.* ¶ 59. On November 17, 2016, the State Court entered a judgment after trial in favor of the Bank and against Chateau Julien. *Id.* ¶ 59.

In this adversary action, Plaintiff seeks to avoid payments for fees and costs made to Oldfield Creely for its representation of Chateau Julien that occurred on or before January 4, 2017 in the amount of $200,357.59, and a fee payment of $2,718.85 that occurred on or about July 1, 2020. *Id.*, Ex. 20. Plaintiff alleges that $187,737.64 in payments were made and transferred directly from Coastal and $15,338.80 from Coastal through the Patricia Brower's Separate Property Trust (the "Trust") to Oldfield Creely. *Id.* ¶ 134. Defendant Patricia Brower ("P.Brower") is the trustee of the Trust. *Id.* ¶ 12. The Complaint does not allege that the Trust has ever been a debtor in any bankruptcy proceeding.

## III. <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for lack of a cognizable legal theory or insufficient facts plead to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,699 (9th Cir. 1988). "To survive a motion to dismiss … under Rule 12(b)(6), a complaint must satisfy only the minimal notice pleading requirement of Rule 8(a)(2)" -- a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also*, Fed. R. Civ. P. 8(a)(2). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is

generally limited to the pleadings and must construe all "factual allegations set forth in the complaint … as true and … in the light most favorable" to plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear, as it is here, that the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

Where the facts and dates alleged in the complaint demonstrate that the claim is barred by the statute of limitations, a motion to dismiss for failure to state a claim is proper. *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954,969 (9th Cir. 2010). The Complaint herein fails to state a claim because the action is time-barred.

## IV.    <u>ARGUMENT</u>

### A.  <u>The First Claim for Relief Fails to State a Claim for Avoidance of Post-Petition Transfers Pursuant to 11 U.S.C. § 549</u>

#### i.  The Funds Were Not Property of the Estate

Plaintiff has not plead facts sufficient to establish that the Proceeds or funds that were transferred to Oldfield Creely were property of the estate when the alleged transfers were made. As Plaintiff failed to establish that funds were property of the estate at the time of transfer, Plaintiff's first claim for relief must be dismissed.

Section 549(a) provides (emphasis added): "Except as provided in subsection (b) or (c) of this section, the trustee may avoid a transfer of **property of the estate** – (1) that occurs after the commencement of the case; and (2)(A) that is authorized only under section 303(f) or 542(c) of this title; or (B) that is not authorized under this title or by the court." Section 541(a)(6) provides, in relevant part, that property of the estate includes "[p]roceeds, product, offspring, rents or profits **of or from property of the estate**[.]" (emphasis added). Further, Section 541(a)(7) provides that property of the estate includes "[a]ny interest in property that the estate acquires after the commencement of the case."

Below are excerpts of dispositive sections of the Complaint (emphases added):

2. At all relevant times, **Debtor's bankruptcy estate owned 100% of Coastal Cypress Corporation ("Coastal")**, and Debtor controlled all of Coastal's operations. **Coastal was formed by Debtor in the early 1980's and owned real property** located at 8890 and 8940 Carmel Valley Road in Carmel, California (the "Wine Estate Property").

3. In Spring of 2015 and after the Petition Date, Debtor caused Coastal to sell the Wine Estate Property for $12,035,707.24. **Net proceeds from the sale** were over $7,000,000. At all relevant times, these net proceeds were assets of Debtor's bankruptcy estate.

4. After the sale of the Wine Estate Property, Coastal ceased all business operations, and Debtor began an elaborate and complex scheme to **transfer the net proceeds from Coastal** away from the bankruptcy estate outside the purview of the bankruptcy court to the Defendants, several of whom are insiders of the Debtor, in an effort to hinder, delay, and defraud creditors of Debtor's bankruptcy estate. **These efforts left Coastal, which held the most valuable asset of Debtor's bankruptcy estate, as an empty shell.** Moreover, most of the transfers were made postpetition without approval by the Court or the Liquidating Trustee.
…
12. **Defendant Patricia Brower ("P. Brower") is sued solely in her capacity as Trustee of the Brower Trust (2015) dated June 30, 2015, which is a California trust (the "Trust").** P. Brower is the Debtor's widow. The Debtor died postpetition and on or about September 30, 2020. Debtor and P. Brower married in 1980, and remained married at all relevant times stated herein. From the early 1990's Debtor and P. Brower resided in a resident located in Carmel, California. In approximately November 2016, Debtor and P. Brower relocated to Delaware, and on information and belief, P. Brower resides in Delaware as of the filing of this complaint.
…
25. Defendant Oldfield Creely, LLP is a limited liability partnership ("Oldfield Creely") located in Carmel, California. Plaintiff is informed and believes that **Oldfield Creely represented Chateau Julien, Inc. in connection with a state court action filed by MUFG Union Bank, N.A.** against Chateau Julien, Inc. and Debtor.
…
27. Also in 1982, Debtor formed Coastal as the sole shareholder. **As of the Petition Date and until April 2015, Coastal owned real property** located at 8890 and 8940 Carmel Valley Road in Carmel, California (defined above as the "Wine Estate Property"), a roughly 16-acre estate that included a wine tasting room, wine production facility, barrel aging room, offices, outdoor event venues, and vineyards. According to Coastal's books and records, Debtor was the President and a director of Coastal, and P. Brower was the Secretary and a director.
…
35. Specifically, and in April 2015, the Debtor sold the Wine Estate

Property **owned by Coastal**, along with certain equipment and other assets related to the ongoing wine estate business operations, for total consideration of $12,035,707.24. Subsequently, in or around November 2016, Coastal acquired real property in Delaware, in which Debtor and P. Brower resided thereafter.

…

42. After the sale of the Wine Estate Property**, Coastal and ACP held** valuable assets including nearly $7,000,000 in net proceeds from the sale of the Wine Estate Property, and Debtor and P. Brower's real properties located in Carmel, California and Delaware.

…

46. On May 11, 2017, the Bank filed a complaint against Debtor, P. Bower, the Trust, Coastal, ACP, Lindley, Nobles, and Babcock commencing adversary proceeding 17-05044 MEH, seeking a determination that Debtor's interest in Coastal was greater than 24% Debtor represented he held, and the Debtor's interest in ACP was greater than the 0% he represented he held (the "Enhancement Action").

47. On April 18, 2017, *i.e.*, almost immediately after the filing of the Enhancement Action, Debtor, on behalf of Coastal, executed a merger, purporting to transform Coastal from a California corporation into a Delaware corporation ("Coastal Delaware"), and all shareholders exchanged their shares of the California corporation for shares of the new Delaware corporation. Debtor did not seek Court approval before executing the merger.

48. The Bank learned of the merger and, on May 16, 2017, filed an amended complaint in the Enhancement Action adding Coastal Delaware as a defendant and a separate claim for relief seeking avoidance of the postpetition transfer under Bankruptcy Code section 549.

49. On November 20, 2019, the Court issued a Memorandum Decision on Motions for Summary Judgment in the Enhancement Action [17-05044 MEH, Doc. 123]. In that Memorandum Decision, the Court found that the Coastal shares issued to Lindley and Babcock were void for lack of consideration, and that 150,000 of the shares issued to Nobles were void for lack of consideration. *Id.* The Court further found that, as of the Petition Date, 100% of the shares of ACP are property of Debtor's bankruptcy estate, either as Debtor's separate property or community property. The Court further found that the postpetition merger of Coastal violated Bankruptcy Code section 549 and was thus void. The Court declined to grant summary judgment with respect to whether 50,000 of the Coastal shares issued to Nobles were void for lack of consideration, and whether P. Brower's Coastal shares were void for lack of consideration, or alternatively, that they were community property. A true and correct copy of the Court's Memorandum Decision on Motions for Summary Judgment in the Enhancement Action is attached hereto as **Exhibit 1**, and incorporated herein by this reference.

50. Also on November 20, 2019, the Court entered two partial summary judgments consistent with the Court's Memorandum Decision on the Bank and

the defendants' motions for summary judgment (the "Summary Judgments") [17-05044 MEH, Docs. 124 and 125].

51. On September 2, 2020, the Court held a trial on the remaining issues in the Enhancement Action. **On September 9, 2020**, the Court issued an Order After Trial [17-05044 MEH, Doc. 158]. In that Order After Trial, the Court found that the Coastal shares issued to P. Brower, which were later transferred to the Trust after its creation, and the remaining 50,000 shares in Coastal issued to Nobles were void for lack of consideration. A true and correct copy of the Court's Order After Trial is attached hereto as **Exhibit 2**, and incorporated herein by this reference. Also on September 9, 2020, the Court entered judgment in the Enhancement Action in favor of the Bank (the "Enhancement Judgment") [17-05044 MEH, Doc. 159]

52. As a result of the Summary Judgments and the Enhancement Judgment, Debtor's bankruptcy estate, at all relevant times, held a 100% interest in Coastal and ACP. Pursuant to 11 U.S.C. § 541(a)(6), the proceeds, product, offspring, rents, or profits of or from the estate's interest in Coastal and ACP are, and have been at all relevant times, assets of Debtor's bankruptcy estate. Further, and pursuant to 11 U.S.C. § 541(a)(7), the 100% interest in Coastal and ACP constituted an "interest in property that the estate acquires after the commencement of the case."

…

65. After paying secured loan balances (but not the Bank Loan to Chateau Julien which was secured by the Guaranty), taxes, and various other items from escrow, **Coastal received net proceeds** from escrow of at least $5,811,761.46 (the "Proceeds"). The Proceeds consisted of $350,000 in early release of funds, a lump sum at the close of escrow in the amount of $5,477,761.46, and a $50,000 hold-back for a septic tank upgrade, which was received by Coastal in October 2016.

…

116. As noted above, the sale of the wine business assets to Buyer ultimately closed in April 2015, and **Coastal received gross sale proceeds** of approximately $12,035,707.24

…

134. Postpetition, Oldfield Creely received at least $200,357.59 **from Coastal** and the Trust (the "Oldfield Creely Transfers"). *See* Exhibit 20 attached hereto. Oldfield Creely is an initial transferee of $187,737.64 of the Proceeds from Coastal, and subsequent transferee of at least $15,338.80 in additional Proceeds from Coastal through the Trust.

…

Based on Plaintiff's judicial admissions, the Court's determination that the Debtor's Estate owned a 100% interest in Coastal did not occur until September 9, 2020. Compl. ¶ 51, Ex.2. Therefore, this determination was made **after** all payments had been made to Oldfield Creely.

Compl., Ex. 20. **Thus, at the time of all payments to Oldfield Creely,** the Coastal assets were **not** part of Debtor's estate.

Moreover, based on Plaintiff's judicial admissions, Coastal was the sole recipient of the Proceeds. Debtor was not a recipient. It is general rule, that "[s]tate law determines the existence and scope of a debtor's interest in property." *In re Reed*, 940 F.2d 1317, 1332 (9th Cir. 1991) (citing *Butner v. United States*, 440 U.S. 48, 54 (1979)). In California, **"[s]hareholders own neither the property nor the earnings of the corporation**. Shareholders own only stock, from which their income is derived upon the liquidation of assets or the declaration of dividends by the directors. [Shareholder] had no ownership interest in the profits of [the corporation] and cannot have been deprived of them." *Nelson v. Anderson*, 72 Cal. App. 4th 111, 126 (Cal. Ct. App. 2d Dist. 1999) (citing *Miller v. McColgan*, 17 Cal.2d 432, 436 (1941). In *Miller v. McColgan*, California's Supreme Court stated that a shareholder "…becomes the owner of a portion only when the corporation is liquidated by action of the directors or when a portion of the corporation's earnings is segregated and set aside for dividend payments on action of the directors in declaring a dividend." *Id.*

Under California's state law and Plaintiff's admissions, the Proceeds were Coastal's property as they were earnings from the sale of its real property. The Proceeds were never distributed to the shareholders, Coastal was not liquidated, and no portion of the Proceeds were segregated and set aside for dividend payments. As a shareholder, Debtor merely had an interest in the value of the Coastal stock he owned. There is no evidence that any of Debtor's stockholdings were transferred to Oldfield Creely.

Additionally, Plaintiff alleges that a portion of funds that were transferred to Oldfield Creely were from the Trust. The Trust is not part of the bankruptcy estate nor is it Debtor's property. *See e.g.*, *Portico Management Group, LLC v. Harrison*, 202 Cal. App.4th 464, 473 (2011) ("'Legal title to property owned by a trust is held by the trustee.'" (quoting *Galdjie v. Darwish*, 113 Cal.App.4th 1331, 1343-1344 (2003))). Per Plaintiff's judicial admission, the trustee is P. Brower, and not Debtor. Compl. ¶ 12. Plaintiff has not plead any facts that support his contention that the transfer from the Trust were part of the bankruptcy estate. Instead, Plaintiff makes a conclusory allegation that Coastal through the Trust made transfers to Oldfield Creely. *Id.* ¶ 14.

Consequently, regardless of whether funds were directly or indirectly paid by Coastal to Oldfield Creely, those funds were not property of the estate because:

1. they were not under Section 541(a)(6) "…proceeds, product, offspring, rents or profits" due to Debtor,

2. neither Debtor nor the bankruptcy estate "acquired" the Proceeds pursuant to applicable state law,

3. the Trust was not the property of Debtor or the bankruptcy estate, and

4. at the time of all payments to Oldfield Creely, the Coastal assets were not part of Debtor's estate.

For these reasons, Plaintiff has failed to state a claim upon which relief can be granted for the first claim for Avoidance of Post-Petition Transfer and must be dismissed without leave to amend.

### ii. Transfers that Occurred Prior to July 22, 2019 are Time-Barred by the Statute of Limitations Pursuant to 11 U.S.C. § 549(d)

Section 549(d) of the Bankruptcy Code states that a trustee's lawsuit to recover a post-petition transfer of property of the estate "may **not** be commenced after the earlier of – (1) two years after the date the transfer sought to be avoided; or (2) the time the case is closed or dismissed." 11 U.S.C. § 549(d) (emphasis added). Since the complaint was filed on July 22, 2021, a claim for a transfer that occurred on and before July 22, 2019 is time-barred by the statute of limitation, and the Complaint does provide any reason why the Court should allow the prosecution of claims that are time-barred.

As such, the Court on this additional ground must dismiss the claim for transfers that occurred before July 22, 2019. The complaint admits that that all the transfers except for one occurred on or before January 4, 2017. Compl., Ex. 20. The dismissal must be without leave to amend as there is no plausible justification for the delay in prosecution.

On November 2, 2017, Plaintiff was appointed as the liquidating trustee and immediately had access to information and documents that gave notice of the alleged post-petition transfers. Furthermore, Plaintiff cannot provide any extraordinary circumstance that justifies a delay of over four years for transfers that occurred on or before January 4, 2017.

Therefore, Plaintiff's first claim for relief must also be dismissed without leave to amend because any attempt to avoid a transfer that occurred on or before January 4, 2017 is time-barred pursuant to Section 549(d).

**B.** **The Second and Third Claims for Relief Fail to State a Claim for Avoidance of a Fraudulent Transfer Pursuant to California Civil Code Section 3439.01 *et seq.***

The second and third claims for relief fail to state a claim for avoidance of an alleged fraudulent transfer for four reasons, as discussed below in detail. Additionally, Plaintiff is barred from avoiding transfers that occurred on or before January 4, 2017 due to the Statute of Limitation. Cal. Civ. Code § 3439.09(a)(b).

**i.** **11 U.S.C. section 549 is the Exclusive Remedy to Avoid Post-Petition Transfers**

Plaintiff concedes that Oldfield Creely's transfers were made directly or indirectly post-petition by Coastal. Compl. ¶ 134. Yet, the Complaint seeks avoidance of post-petition transfers pursuant to Section 544.

"The trustee represents the bankruptcy estate – not its creditors – except where Congress specifically vested the trustee with avoidance powers." *In re Kenny G. Enterprises, LLC*, 512 B.R. 628, 639 (C.D. Cal. 2014). In *In re Kenny G. Enterprises, LLC*, the California Central District Court examined the powers and limitations that Congress vested in a trustee to avoid post-petition transfers. The district court held that Section 549 is a trustee's exclusive remedy to avoid post-petition transfers, and Section 544 applied only to prepetition transfers. *Id.* at 635-636 (noting that "[t]he fact that Congress specifically included a section dealing with postpetition suggest that it solely intended for that section to govern transfers occurring after the filing of a bankruptcy petition [and] the fact that Congress used such sweeping language demonstrates that Congress envisioned § 549 as the sole tool for avoiding postpetition transfers.")

As the trustee in *In re Kenny G. Enterprises, LLC*, Plaintiff's avoidance powers are limited to those provided by Congress under Section 549 and cannot avoid post-petition transfers utilizing Section 544. Section 549 is Plaintiff's sole remedy to avoid the post-petition transfers to Oldfield Creely. Therefore, Plaintiff's second and third claims for relief must be dismissed without leave to

amend because no amendment would permit avoidance of a post-petition transfer pursuant to Section 544.

### ii. The Transferred Funds Were Not Property of the Estate

Section 544(b)(1) provides, in relevant part (emphasis added): "[T]he trustee may avoid any transfer of an **interest of the debtor in property** or any obligation incurred by the debtor that is **voidable under applicable law** by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title."

As discussed above, the funds used to make the transfers to Oldfield Creely were not property of the bankruptcy estate. Also, under California law, Debtor only had a property interest in the shares he owned for Coastal. The estate nor Debtor had an interest in the Proceeds until Coastal was liquidated or the Proceeds were set aside as shareholder distribution to be made to Debtor. Hence, the Proceeds were exclusively owned by Coastal. Additionally, the Trust was not the property of Debtor or the bankruptcy estate. The legal fees that were paid to Oldfield Creely were not the property of the bankruptcy estate and cannot be avoided pursuant to applicable state law. Thus, Plaintiff's second and third claims for relief must be dismissed without leave to amend.

### iii. Plaintiff Fails to State Factual Allegations Permitting A Post-Petition Avoidance Under State Law

The second and third claims seek relief pursuant to California Civil Code §§ 3439.01, *et seq.* However, Plaintiff fails to cite the authority in the Bankruptcy Code that permits him to avoid the post-petition transfers under state law. Presumably, Plaintiff is attempting to pursue the state law claims pursuant to 11 U.S.C. § 544(b)(1), which states that "the trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title."

However, to invoke the state law under Section 544(b), Plaintiff must plead and prove the existence of an unsecured creditor who could pursue a claim under California Code §§ 3439.01 *et. seq.*, and explain how the state law grants that creditor the right to avoid the transfer. *In re Goldberg*, 235 B.R. 476, 483 (Bankr. D. Idaho 1999). Moreover, Plaintiff must also prove that Congress

specifically vested him as a trustee with the state law avoidance powers. *See*, *In re Kenny G. Enterprises*, 512 B.R. at 639.

Here, Plaintiff fails to cite the Bankruptcy Code that allows him to avoid the post- Plaintiff attempts to pursue the state claims under Section 544, Plaintiff has not pled the existence of a relevant creditor, explain how state law grants the purported creditor the right to pursue the state claims, or that he is vested by Congress with those avoidance powers. The Complaint has failed to sufficiently state a claim for avoidance of Oldfield Creely legal fee payments pursuant to section 544. Plaintiff's second and third claims for relief must be dismissed.

### iv. **The Second and Third Claims for Relief Are Time-Barred**

The statute of limitations on a fraudulent transfer claim is four years from the time of transfer was made or the obligation was incurred. Cal. Civ. Code § 3439.09(a)(1). In cases involving actual fraud, the four-year statute is extended until one year after the transfer or obligation was or reasonably could have been discovered. Actual fraud occurs when the debtor makes the transfer or incurs the obligation "[w]ith actual intent to hinder, delay, or defraud any creditor." Cal. Civ. Code § 3439.04(a)(1); *Optional Capital, Inc. v. DAS Corp*., 222 Cal.App.4th 1388, 1401 (2014).

Plaintiff fails to allege specific facts to support the claims pursuant to California Civil Code §§ 3439.01 *et seq*. He does not make any specific allegations to support a finding that the legal fee payments to Oldfield Creely were made with the intent to hinder, delay, or defraud any creditor. Accordingly, the applicable statute of limitation is four years and Plaintiff cannot avoid transfers that occurred prior to July 22, 2017.

Based on Plaintiff's judicial admissions, the legal fee payments that occurred on or before January 4, 2017 are time-barred by the statute of limitations. Compl., Ex. 20. Therefore, Plaintiff's second and third claims for relief must be dismissed without leave to amend because any attempt to void Oldfield Creely's transfers that occurred on and before January 4, 2017 are time-barred pursuant to California Civil Code Section 3439.09(a) and (b).

**C. The Fourth Claim for Relief Fails to State a Claim for Recovery and Preservation of Transfers for the Benefit of the Estate Pursuant to Bankruptcy Code Sections 550 and 551**

Bankruptcy Code Section 550 provides in relevant part (emphasis added):

(a) Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property[.]"
…
(f) An action or proceeding under this section may not be commenced after the earlier of – (1) year after the **avoidance of the transfer** on account of which recovery under this section is sought; or (2) the time the case is closed or dismissed.

Bankruptcy Code Section 551 provides (emphasis added): "Any transfer **avoided** under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or any lien void under section 506(d) of this title, is preserved for the benefit of the estate but only with respect to property of the estate." In short, Plaintiff must first avoid the transfer which has its own statute of limitations. *In re Equity Land Title Agency, Inc.*, 370 B.R. 154, 160 (Bankr. S.D. Ohio 2007).

As discussed above, Plaintiff has failed to state claim for relief pursuant to Section 549 (first claim for relief) or Section 544 (second and third claim for relief) required to invoke Sections 550 and 551. As Plaintiff cannot establish the condition precedent to Sections 550 and 551, his fourth claim for relief must be dismissed without leave to amend.

**D. The Fifth Claim for Relief is Time-Barred and Fails to State a Claim for Turnover of Estate Property Pursuant to Bankruptcy Code Section 542**

A plaintiff's ability to demand turnover of property pursuant to Section 542 means that the property belongs to the bankruptcy estate. For the same reasons discussed so far, the funds that were transferred to Oldfield Creely were not property of the estate. Thus, Plaintiff's fifth claim for relief also fails. Moreover, it is not reasonable to argue that property that is recoverable using the avoidance powers is property of the bankruptcy estate before it is recovered. *Rajala v. Gardner*, 709 F.3d 1031, 1037-1038 (10th Cir. 2013).

"Section 542 has the same two-year statute of limitations as § 549 avoidance claim." *In re Lau Cap. Funding, Inc.*, 321 B.R. 287, 302 (Bankr. C.D. Cal. 2005) (citing *Smith v. Mark Twain National Bank*, 805 F.2d 278, 292 (8th Cir. 1986)).

As the statute of limitations of 11 U.S.C. §§ 542 and 549 are analogous, Plaintiff's claim is also barred from seeking relief for transfers that occurred on or before January 4, 2019 under 11 U.S.C § 542. Compl., Ex. 20.

Due to Plaintiff's failure to state claim for relief for Turnover of Estate Property, the fifth claim for relief must be dismissed without leave to amend.

### E. The Sixth Claim for Relief Fails to State a Claim for Accounting of Property of the Estate Pursuant to Bankruptcy Code Section 542

Similar to Plaintiff's fifth claim for relief, the sixth claim for relief fails because 1) the funds used to make the transfers to Oldfield Creely were not property of the estate, 2) Plaintiff's claim is time-barred, and 3) Plaintiff has no actionable avoidance claim that pertains to the Oldfield Creely transfers.

Additionally, "[a] suit for an accounting will not lie where it appears from the complaint that none is necessary or that there is an adequate remedy at law. An accounting will not be accorded with respect to a sum that a plaintiff seeks to recover and alleges in his complaint to be a sum certain." *St. James Church of Christ Holiness v. Superior Ct. In & For Los Angeles Cty.*, 135 Cal.App.2d 352, 359 (1995) (internal citations omitted). Here, Plaintiff seeks a sum certain from Oldfield Creely in the amount of $203,076.44. Compl. ¶ 134.

As the funds that were transferred to Oldfield Creely were not property of the estate and the complaint seeks recovery of an amount certain, the sixth claim for relief must be dismissed without leave to amend.

### F. The Ninth Claim for Relief Fails to State a Claim for Disgorgement

#### i. Oldfield Creely Did Not Represent Debtor

"Under the Bankruptcy Code, **attorneys representing debtors** in bankruptcy cases are required to disclose 'all fee payments and agreement made …for services in contemplation of, or in

connection with, the bankruptcy filing.'" *In re Brown*, 371 B.R. 486, 495 (Bankr. N.D. Okla. 2007) (internal citation omitted) (emphasis added). "Section 330 establishes the exclusive means of allowing a claim for professional fees in a bankruptcy proceeding." *Id.* at 495; *See also*, *In re Federal Roofing Co., Inc.*, 205 B.R. 638, 644 ("Section 330(a) provides the substantive basis for the attorney of the debtor-in-possession to receive compensation. The section sets out the factors of the court to consider in awarding fees while Rule 2016 sets out the procedural mechanism which the attorney must follow to receive compensation.").

Federal Rules of Bankruptcy Procedure, Rule 2016 ("Rule 2016") provides in pertinent part the following (emphasis added):

(a)     Application for compensation or reimbursement
**An entity seeking interim or final compensation for services**, or reimbursement of necessary expenses, **from the estate** shall file an application setting forth a detailed statement of (1) the services rendered, time expended and expenses incurred, and (2) the amounts requested….The requirement of this subdivision shall apply to an application for compensation for services rendered by an attorney or accountant….
(b)     Disclosure of compensation paid or promised **to attorney for debtor**
…
(c)     Disclosure of compensation paid or promised to **bankruptcy petition preparer**
….

In 1985, Debtor formed Chateau Julien. Compl. ¶28. Plaintiff's judicial admission acknowledges that Oldfield Creely represented Chateau Julien in the State Court Action and received compensation for its services. *Id.* ¶¶25, 135-136. Furthermore, Plaintiff concedes that the Debtor filed a voluntary 11 petition, not Chateau Julien. *Id.* ¶ 41. Notably, the Complaint states that "…Debtor transferred **the assets of Chateau Julien** to himself…." *Id.* ¶ 62.

Oldfield Creely only represented Chateau Julien in the State Court Action and was paid by Coastal or the Trust long before September 9, 2020, when the Court determined that Debtor's estate owned an interest therein. Except for one nominal payment, Oldfield Creely was paid in full for its services prior to the time **any allegation** was made on May 11, 2017 that the Debtor's estate owned more than the record shares in the Coastal assets. Compl. ¶46, Ex. 20. As such Oldfield Creely was not required, nor could it seek the bankruptcy's court approval for payment of its fees because the fees were not paid by the Debtor's Estate, nor was there even any allegation that the source of

payment came from the Debtor's estate. Therefore, Plaintiff's factual allegations do not support a claim for disgorgement and the ninth claim for relief must be dismissed without leave to amend.

### ii. The Transferred Funds Were Not Property of the Estate

Rule 2016(a) only requires "[a]n entity seeking interim or final compensation for services…**from the estate** [to] file an application …." (emphasis added). As earlier stated, the funds that were used for the Oldfield Creely fee payments did not belong to Debtor nor the bankruptcy estate. Since the fund were not part of the bankruptcy estate, Oldfield Creely was not required to file an application for compensation or reimbursement under Rule 2016. Thus, Plaintiff fails to state a claim for disgorgement and the ninth claim for relief must be dismissed without leave to amend.

### G. The Tenth Claim for Relief Fails to State a Claim for Conversion

In California, "[c]onversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are: (1) **the plaintiff's ownership or right to possession of the property**; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages. [Citation.]" *Lee v. Hanley*, 61 Cal.4th 1225, 1240 (2015) (emphasis added). Additionally, a conversion action has a three year statute of limitation. Cal. Civ. Code § 338.

As with Plaintiff's other claims for relief, the claim for conversion fails because the funds that were used for the fee payments to Oldfield Creely were not property of Debtor or the bankruptcy estate. Therefore, Plaintiff cannot plead facts to support the first element of a conversion cause of action. Plaintiff is also time-barred from seeking recovery of transfers that occurred prior to July 22, 2018 by the statute of limitation. Hence, Plaintiff's tenth claim must be dismissed without leave to amend because Plaintiff cannot establish Debtor, or the bankruptcy estate, was the owner or had a right to possess the funds that were transferred to Oldfield Creely as of the date of payment.

### H. Plaintiff's Prayer for Relief for Punitive and Exemplary Damages Must Be Dismissed for Failure to Meet the Pleading Standards

Notably, the Complaint does not state a specific claim or authority that allows punitive and exemplary damages to be awarded against Oldfield & Creely. The complaint vaguely states, "[a]s to All Claims for Relief: …ii. Punitive and exemplary damages for all claims for which such damages

may be awarded under applicable law." Compl. 40:9, 11-12. The Complaint fails to state "…a short and plain statement of **the claim** showing that the pleader is entitled to relief [for punitive damages]." Fed. R. Civ. P. 8(a)(2) (emphasis added).

Plaintiff has failed to comply with Federal Rule of Civil Procedure 8(a) because he has failed to allege that Oldfield Creely engaged in any specific misconduct justifying punitive damage relief, or even which claim allows punitive damages to be awarded. Instead, Plaintiff has impermissibly lumped all defendants and claims for relief together. Plaintiff failed to distinguish among defendants and claims, and therefore failed to put Oldfield Creely on notice of the claim and grounds that allow punitive damages relief. Moreover, this is not a claim in which all defendants are related entities.

Accordingly, the Court should dismiss the prayer for relief for punitive damages from the Complaint as to all claims for failure to comply with Federal Rule of Civil Procedure 8(a), or strike Oldfield & Creely from that prayer.

### i. Failure to Comply with Federal Rule of Civil Procedure 9(b)

The Complaint fails to specify the grounds that allow the claim for punitive damages. If Plaintiff seeks punitive damages pursuant to California Code of Civil Procedure section 3294, Plaintiff fails to meet the pleading standards under Federal Rule of Civil Procedure 9(b).

California Code of Civil Procedure 3294 states in pertinent part the following (emphases added):

> (a) In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of **oppression, fraud, or malice**, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

> (b) **An employer shall not be liable for damages pursuant to subdivision (a), based upon acts of an employee of the employer**, **unless the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct for which the damages are awarded or was personally guilty of oppression, fraud, or malice**. With respect to a corporate employer, the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.

(c) As used in this section, the following definitions shall apply:

(1) "**Malice**" means conduct which is intended by the defendant to cause injury to the plaintiff or despicable conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others.

(2) "Oppression" means despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's rights.

(3) "**Fraud**" means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury.

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).

Here, Plaintiff has not alleged that an employee of Oldfield Creely acted with oppression, fraud, or malice. Moreover, Plaintiff did not allege Oldfield Creely had advance knowledge or ratified any wrongful conduct of an employee. Plaintiff has not stated with particularity the circumstances constituting fraud or mistake. It is impossible to discern any misconduct warranting punitive damages against Oldfield Creely. Receiving legal fees for services rendered to someone other than the debtor is not fraudulent.

Plaintiff has not met, and cannot meet, the federal pleading standard and therefore the Court must dismiss the prayer for relief for punitive and exemplary damages for all claims.

## I. **Plaintiff's Prayer for Relief for Attorneys' Fees and Costs Must be Dismissed for Failure to State Claim Permitting Such Relief**

As with Plaintiff's prayer for relief for punitive damages, Plaintiff fails to state "…a short and plain statement of **the claim** showing that the pleader is entitled to relief [for attorneys' fees and costs]." Fed. R. Civ. P. 8(a) (emphasis added.) Instead, the complaint states, "[a]s to All Claims for Relief…iii. Reasonable attorneys' fees and costs permitted under applicable law." Compl. 40:9, 13.

Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). "However, this general rule can be overcome by statute or by an 'enforceable

contract' allocating attorney's fees." *In re Carey*, 446 B.R. 384, 390–91 (B.A.P. 9th Cir. 2011) (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)).

In this case, Plaintiff fails to specify any statute or contract that allows him to circumvent the American Rule. Accordingly, Plaintiff's prayer for relief for attorneys' fees and costs for all claims against Oldfield Creely must be dismissed without leave to amend.

## V. <u>CONCLUSION</u>

Defendant Oldfield Creely respectfully requests that Plaintiff's claims against it be dismissed without leave to amend. All it did was accept payment for its legal fees and costs incurred in representing a party other than Debtor, from a source that was not property of the bankruptcy estate.

Whatever rights to recovery Plaintiff may have in this case, he clearly has none against the law firm of Oldfield & Creely, LLP.

Date:                                                                    Respectfully Submitted,


By   /s/Louis H. Castoria
       Louis H. Castoria
       Rogelio Serrano
       Attorney for Defendant,
       Oldfield Creely, LLP

4842-2416-9467, v. 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PROOF OF SERVICE**

I am over the age of eighteen years and not a party to the within entitled action.  My business address is 425 California Street, Suite 2100, San Francisco, CA  94104.

On September 22, 2021, I served a copy of the attached:

1. **DEFENDANT OLDFIELD CREELY, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS COMPLAINT**

on the interested parties in said action, by delivering a true copy addressed as follows:

| | |
|---|---|
| David W. Balch<br>L+G, LLP<br>318 Cayuga Str<br>Salinas, CA 93901<br>(831) 754-2444<br>david@lg-attorneys.com | Trevor Ross Fehr<br>Office of the U.S. Trustee<br>280 S 1st St. #268<br>San Jose, CA 95113<br>(408) 535-5525<br>trevor.fehr@usdoj.gov |
| Stephen D. Finestone<br>Finestone Hayes LLP<br>456 Montgomery St. 20th Fl.<br>San Francisco, CA 94104<br>(415) 421-2624<br>sfinestone@fhlawllp.com | Jennifer C. Hayes<br>Finestone Hayes LLP<br>456 Montgomery St., 20th Fl<br>San Francisco, CA 94104<br>(415) 616-0466<br>jhayes@fhlawllp.com |
| Ryan A. Witthans<br>Finestone Hayes LLP<br>456 Montgomery St. Fl. 20<br>San Francisco, CA 94104<br>(415) 481-5481<br>rwitthans@fhlawllp.com | Isaiah Weedn<br>Sheppard Mullin Richter & Hampton LLP<br>650 Town Center Dr, 4th Fl<br>Costa Mesa, CA 92626<br>714-513-5100<br>iweedn@sheppardmullin.com |
| Ryan A. Stubbe<br>Jaurigue Law Group<br>300 W Glenoaks Blvd. #300<br>Glendale, CA 91202<br>(818)630-7280<br>ryan@jlglawyers.com | Babak Samini<br>The Samini Firm APC<br>2801 West Coast Highway<br>Suite 200<br>Newport Beach, CA 92663<br>United States<br>9497240900<br>9497240901 (fax)<br>bsamii@saminilaw.com |
| Steven B. Sacks<br>Sheppard, Mullin, Richter and Hampton<br>4 Embarcadero Center 17th Fl.<br>San Francisco, CA 94111 | Margaret H. McGee<br>Office of the United States Trustee<br>Phillip J. Burton Federal Building<br>450 Golden Gate Ave. 5th Fl., #05-0153<br>San Francisco, CA 94102 |

Case: 15-50801    Doc# 330    Filed: 09/22/21    Entered: 09/22/21 20:48:32    Page 28 of 29

| | |
|---|---|
| (415) 434-9100<br>ssacks@srclaw.com | (415) 705-3333<br>(415) 705-3379 (fax)<br>maggie.mcgee@usdoj.gov |
| Michael Lauter<br>Sheppard Mullin Richter and Hampton<br>4 Embarcadero Center 17th Fl<br>San Francisco, CA 94111<br>(415) 774-2978<br>mlauter@sheppardmullin.com | |

_____ (BY OVERNIGHT COURIER) I caused each envelope to be sent via Federal Express.

_____ (BY MAIL) I placed a true and correct copy thereof in a sealed envelope with First Class postage thereon fully prepaid to the address(es) above, and deposited same in the United States Mail at San Francisco, California.

_____ (BY PERSONAL DELIVERY) I personally delivered a true and correct copy thereof by handing a sealed envelope, addressed to the person(s) at the address(s) set forth above, by leaving the envelope, which was clearly labeled to identify the attorneys being served, with the receptionist or other person apparently in charge at the addresses set forth above.

_____ (BY TELECOPIER) I personally transmitted by facsimile electronic transmission each document to the following number(s):

___X____ (BY ELECTRONIC TRANSMISSION) I personally transmitted by electronic transmission to the electronic service address at or through which a party or other person has authorized electronic service.

_____ (BY CERTIFIED MAIL) I placed a true and correct copy thereof in a sealed envelope with First Class postage thereon fully prepaid by certified mail, requiring return receipt, to the address(es) above, and deposited same in the United States Mail at San Francisco, California.

Executed on September 22, 2021 at San Francisco, California.
I declare under penalty of perjury that the foregoing is true and correct.

_____

Gwen Wagner