Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:   (415) 616-0466
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Michael G. Kasolas,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Reorganized Debtor. | Case No. 15-50801-MEH<br>Chapter 11<br><br>**MOTION FOR ENTRY OF ORDER AUTHORIZING LIQUIDATING TRUSTEE TO PAY ROBERT S. BROWER JR. CLAIM DISTRIBUTION TO WILLIAM HEALY, BASED ON MR. HEALY'S LIEN RIGHTS AGAISNT ROBERT S. BROWER JR.**<br><br>Date:  August 29, 2024<br>Time: 10:00 a.m.<br>Place: Zoom or 280 S. First St., Courtroom 11, San Jose, California 95113 |

Pursuant to 11 U.S.C. §105(a), Liquidating Trustee Michael G. Kasolas (the "Trustee") hereby moves the Court for entry of an order authorizing and directing the Trustee to pay Robert S. Brower Jr.'s claim distribution payment(s) to William Healy, based on Mr. Healy's lien rights against Robert S. Brower Jr.  In support thereof, the Trustee states as follows:

## I. BACKGROUND FACTS AND REQUEST FOR RELIEF

Debtor's son, Robert S. Brower Jr. has a $25,000 claim against the Liquidating Trust, which is undisputed and deemed allowed, pursuant to the confirmed plan of reorganization. ECF 233, VI.A.1(a); ECF 236).

Thus far, the Trustee has made one distribution to general unsecured creditors, other than Robert S. Brower Jr., totaling 9.318030% of their claim. The Trustee did not make a distribution to Mr. Brower Jr., because of the Trust's claims against Mr. Brower Jr. in adversary proceeding 21-05029-MEH (the "Adversary Proceeding"), including avoidable transfer claims and a claim under 11 U.S.C. §502(d), which provides:

> Notwithstanding subsections (a) and (b) of this section, the court shall disallow any claim of any entity from which property is recoverable under section 542, 543, 550, or 553 of this title or that is a transferee of a transfer avoidable under section 522(f), 522(h), 544, 545, 547, 548, 549, or 724(a) of this title, unless such entity or transferee has paid the amount, or turned over any such property, for which such entity or transferee is liable under section 522(i), 542, 543, 550, or 553 of this title.

On June 4, 2024, the Ninth Circuit issued its opinion upholding the dismissal of the Liquidating Trust's claims against, *inter alia,* Mr. Brower Jr.

On June 19, 2024, William Healy filed a Notice of Lien against Robert S. Brower, Jr. (ECF 358), based on Mr. Healy's judgment against Mr. Brower Jr. in the sum of $202,501.25. (Declaration of Michael G. Kasolas in Support of Motion re Brower Distribution, Exhibit A, ECF 358, ¶6). The Notice of Lien provides: "[t]he lien created by this notice attaches to any cause of action of the person named in item 5 [i.e. Robert S. Brower, Jr.] that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding." (*Id.*, ¶7).

Based on the dismissal of the claims against Mr. Brower Jr., the Trustee is prepared to make a distribution to Mr. Brower Jr. in the sum of $2,329.51, which is 9.318030% of Mr. Brower Jr.'s $25,000 claim. However, based on the Notice of Lien, the Trustee requests entry of an order authorizing and directing him to pay Robert Brower Jr.'s current claim distribution

payment to William Healy, as well as any additional claim distribution payment otherwise owing to Mr. Brower Jr. Following entry of an order on this motion, the Trustee plans to wrap up and close down the Liquidating Trust. Steps remaining before the Trustee can terminate the Liquidating Trust are: (1) entry of an order on this Motion; (2) the Trustee makes a distribution on account of the Robert Brower Jr. claim, following entry of the Court's order; (3) the Trustee's professionals (Finestone Hayes LLP and Kokjer, Pierotti, Maiocco and Duck LLP) file fee notices; (4) the Trustee pays himself on the additional fees he is owned based on his second Fee Notice (ECF 345) and pays his professionals after the 10-day notice period runs on their fee notices; (5) the Trustee makes a second and final distribution to general unsecured creditors if there are sums remaining after payment of administrative expenses; (6) file tax returns; and (7) the Trustee files a request for entry of final decree and the Court enters an order thereon. In addition, the Trustee will continue to file quarterly operating reports as needed and to pay required U.S. Trustee fees.

Based on the foregoing, the Trustee requests entry of an order authorizing and directing the Trustee to pay Robert S. Brower Jr.'s claim distribution payment(s) to William Healy, based on Mr. Healy's lien rights against Robert S. Brower Jr.

Dated July 30, 2024　　　　　　　　　　FINESTONE HAYES LLP

*Jennifer C. Hayes*
Jennifer C. Hayes
Attorneys for Michael G. Kasolas,
Liquidating Trustee