Stephen D. Finestone (125675)
Jennifer C. Hayes (197252)
Ryan A. Witthans (301432)
FINESTONE HAYES LLP
456 Montgomery Street, Floor 20
San Francisco, CA 94104
Tel.:  (415) 616-0466
Fax:   (415) 398-2820
Email: sfinestone@fhlawllp.com
Email: jhayes@fhlawllp.com
Email: rwitthans@fhlawllp.com

Attorneys for Michael G. Kasolas,
Liquidating Trustee

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re<br><br>ROBERT BROWER, SR.,<br><br>Debtor. | Case No. 15-50801-MEH<br>Chapter 11<br><br>**DECLARATION OF MICHAEL G. KASOLAS IN SUPPORT OF MOTION FOR ENTRY OF ORDER AUTHORIZING LIQUIDATING TRUSTEE TO PAY ROBERT S. BROWER, JR. CLAIM DISTRIBUTION TO WILLIAM HEALY, BASED ON MR. HEALY'S LIEN RIGHTS AGAISNT ROBERT S. BROWER, JR.**<br><br>Date:  August 29, 2024<br>Time: 10:00 a.m.<br>Place: Zoom or 280 S. First St.,<br>Courtroom 11, San Jose, California 95113 |

I, Michael G. Kasolas, declare as follows:

1.  I am over the age of eighteen years and am competent to make this declaration. I have personal knowledge of the facts set forth below, except those stated on information and belief, and as to those facts, I am informed and believe them to be true. If called upon to testify as a

witness, I could and would competently testify to those facts. I am the Court-appointed Liquidating Trustee in the above captioned bankruptcy case.

2. Debtor's son, Robert S. Brower Jr. has a $25,000 claim against the Liquidating Trust, which I understand to be undisputed and deemed allowed, pursuant to the confirmed plan of reorganization. ECF 233, VI.A.1(a); ECF 236).

3. Thus far, I have made one distribution to general unsecured creditors, other than Robert S. Brower Jr., totaling 9.318030% of their claim. I did not make a distribution to Mr. Brower Jr., because of the Trust's claims against Mr. Brower Jr. in adversary proceeding 21-05029-MEH (the "Adversary Proceeding"), including avoidable transfer claims and a claim under 11 U.S.C. §502(d).

4. On or about June 4, 2024, the Ninth Circuit issued its opinion upholding the dismissal of the Liquidating Trust's claims against, *inter alia,* Mr. Brower Jr.

5. On or about June 19, 2024, William Healy filed a Notice of Lien against Robert S. Brower, Jr., based on Mr. Healy's judgment against Mr. Brower Jr. in the sum of $202,501.25. An authentic copy of the Notice of Lien is attached as Exhibit A, ECF 358, ¶6. The Notice of Lien provides: "[t]he lien created by this notice attaches to any cause of action of the person named in item 5 [i.e. Robert S. Brower, Jr.] that is the subject of this action or proceeding and to that person's rights to money or property under any judgment subsequently procured in this action or proceeding." *Id.*, ¶7.

6. Based on the dismissal of the claims against Mr. Brower Jr., I am prepared to make a distribution to Mr. Brower Jr. in the sum of $2,329.51, which is 9.318030% of Mr. Brower Jr.'s $25,000 claim. However, based on the Notice of Lien, I seek entry of an order authorizing and directing me to pay Robert Brower Jr.'s current claim distribution payment to William Healy, as well as any additional claim distribution payment otherwise owing to Mr. Brower Jr.

Following entry of an order on the accompanying motion, I plan to wrap up and close down the Liquidating Trust. Without limiting myself, I am informed and believe that the steps remaining before I can terminate the Liquidating Trust are: (1) entry of an order on this Motion;

(2) I make a distribution on account of the Robert Brower Jr. claim, following entry of the Court's order; (3) my professionals (Finestone Hayes LLP and Kokjer, Pierotti, Maiocco and Duck LLP) file fee notices; (4) I pay myself on the additional fees he is owned based on his second Fee Notice (ECF 345) and pays my professionals after the 10-day notice period runs on their fee notices; (5) I make a second and final distribution to general unsecured creditors if sums remain after payment of administrative expenses; (6) I file tax return(s), as prepared by the accountant for the Liquidating Trust; and (7) I file a request for entry of final decree and the Court enters an order thereon. In addition, I will continue to file quarterly operating reports as needed and to pay required U.S. Trustee fees.

I declare under penalty of perjury that the above statements are true and, with respect to those matters stated on information and belief, I believe them to be true. This Declaration was executed in San Francisco County, California on July 12, 2024.

*Michael G. Kasolas*
Michael G. Kasolas